ALBERT F. BURNHAM *vs.* CHARLES P. DORR.

Hancock. Opinion April 14, 1881.

*Mortgage. Parol agreement. Evidence. Payments.*

Where the grantee in a warranty deed, as a part of the consideration for the conveyance, agreed orally with the grantor to pay the balance due upon an outstanding mortgage, oral evidence of such an agreement is admissible in evidence in a real action wherein the plaintiff relies upon such mortgage to support his title.

Payments made by a party upon a mortgage debt, in pursuance of a duty, in the proper performance of which others are interested, must be applied and allowed as payments, and cannot be used by such party as a part consideration for the assignment and transfer of the mortgage and debt to a third person.

ON REPORT.

The opinion states the case.

*A. P. Wiswell,* for the plaintiff.

In the warranty deed to Walker, the grantor agreed to protect him against the lawful claims and demands of all persons. It is now proposed to show by parol, that the parties to that deed made a parol agreement contradicting or changing the deed. That cannot be done. *Egery* v. *Woodard*, 56 Maine, 45 ; *Brown* v. *Thurston*, 56 Maine, 126 ; Jones on Mortgages, § 848 : *Loud* v. *Lane*, 8 Met. 517 ; *Hunt* v. *Hunt*, 14 Pick. 374.

The payments made by Walker, were not an extinguishment of the mortgage *pro tanto*, because Walker didn't intend it as such. The intent controls. *Evans* v. *Kimball*, 1 Allen, 240.

*L. A. Emery*, for the defendant, cited : *Brown* v. *Lapham*, 3 Cush. 554 ; Jones on Mort. § § 858, 861, 864, 865 ; *Fish* v. *French*, 15 Gray, 520 ; *Goodspeed* v. *Fuller*, 46 Maine, 147 ; Wharton's Ev. 1042–1046.

WALTON, J. This case is before the law court on report. Upon so much of the evidence reported as is legally admissible, the court is to render such judgment as the legal rights of the parties may require.

It is a real action. In support of his title the plaintiff relies upon a mortgage deed, originally given to Chas. J. Perry, and by him assigned to John B. Redman, and by the latter to the plaintiff. The mortgage was given to secure three notes amounting in the whole to the sum of sixteen hundred dollars. Two of the notes were paid by the mortgagor as they fell due, leaving one for five hundred thirty-three dollars and thirty-three cents unpaid. While things remained in this condition, the mortgagor conveyed the land to Austin B. Walker by deed of warranty, the latter agreeing orally, as part consideration for the conveyance to him, to pay the balance due upon the mortgage. It is in relation to this agreement that the controversy in this case arises. The plaintiff contends that to admit oral evidence of such an agreement would violate the rule which does not allow the written contracts of parties to be varied or contradicted by oral evidence. He says the deed covenanted that there were no incumbrances, and to admit oral evidence that there was an incumbrance, which the grantee agreed to remove, would be in direct conflict with this covenant, and deprive the grantee of the

benefit of the covenant by which the grantor agreed to warrant and defend the premises against the lawful claims and demands of all persons.

The first question, therefore, is whether oral evidence of such an agreement is admissible. We think it is. In the first place, the rule referred to applies only in suits between the parties to the instrument, as they alone are to blame if the writing contains what was not intended, or omits that which it should contain. It does not apply to suits between third persons. They are allowed to prove the truth notwithstanding it may contradict the written statements of others. And this is a suit between third persons. 1 Green. Ev. § 279, and cases there cited.

And evidence of the character of that which is offered in this case is admissible even in suits between the parties to the writing.

In *Bartlett* v. *Parks*, 1 Cush. 82, the declaration alleged that the defendant, in consideration that the plaintiff would convey to him certain real estate, promised to pay the taxes that were or should be assessed upon it for the current year, and the plaintiff was allowed to prove that the defendant, by an oral agreement, made at the time of the conveyance to him, and as part consideration for the conveyance, made the promise set out in the declaration.

And in *Preble* v. *Baldwin*, 6 Cush. 549, similar evidence was admitted. In the latter case precisely the same argument was urged against its admissibility which is urged in this case, namely, that it would be in conflict with the covenants in the deed, but the court held that the evidence was admissible. For numerous cases showing the admissibility of similar evidence, see *Goodspeed* v. *Fuller*, 46 Maine, 141.

The evidence being admissible, the next inquiry is as to its effect. It shows that Walker agreed, as part consideration of the conveyance to him, to pay the note held by Perry when it should become due ; that in pursuance of this agreement, he made two payments, one of two hundred and fifty dollars, and one of fifty dollars, amounting in the whole to three hundred dollars, and took Perry's receipts therefor ; that afterward he induced Perry to transfer the note and mortgage to Redman, and that Redman

subsequently transferred them to the plaintiff, as already stated. The balance of the note has since been paid ; and, if these payments made by Walker are allowed, it has been paid in full. The question is whether these payments can be allowed. We think they must be. They were made by one whose duty it was to pay. He had agreed so to do. The money was left in his hands for that special purpose. It was as if he had paid the full value of the land, and the grantor had then handed him back so much of the money as would pay the note, upon his promise that he would so apply it. It was not his money. In reality it was the grantor's money. The holder of the note knew of this arrangement, and when he accepted the money he accepted it as *pro tanto* payments. Of this, the evidence leaves no doubt. True, these payments were not indorsed upon the note. But receipts were given. Indorsements are not essential to payments. They are only evidence of payments. Payments may exist without them. It may also be true that neither Redman nor the plaintiff knew of these payments when they took the note. But that is of no importance. They took it long after it was overdue, and must, of course, hold it subject to all defenses then existing. They can derive no aid from the rule of law which protects commercial paper negotiated before it is dishonored. This was already dishonored when they took it. The intentions of Walker are of no importance. Having made the payment in part, which it was his duty to make, he could not, at his own will and pleasure, convert it into a consideration for the transfer of the note to a third party. The money paid, was, in reality, the money of another, and when it had been once lawfully applied to the purpose for which its real owner intended it, the appropriation could not be changed without his consent. No such consent is shown in this case. If, says Chief Justice SHAW, the money is advanced by one whose duty it is, by contract or otherwise, to pay and cancel a mortgage, and relieve the mortgaged premises of the lien, a duty in the proper performance of which others have an interest, it shall be held to be a release, and not an assignment, although in form it purports to be an assignment. *Brown* v. *Lapham*, 3 Cush. 551–554.

Being satisfied by what we deem competent evidence that there is nothing due upon the mortgage on which the plaintiff relies in support of his action, that the notes to secure which the mortgage was given have been paid in full, judgment must be entered for the defendant.· R. S., c. 90, § 9.

*Judgment for defendant.*

APPLETON, C. J., DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.