Lime Rock National Bank *v.* Mowry & a.

An assignment of a mortgage given for a subsisting debt, as collateral security for a prospective indebtedness of the assignor, is not within G. L., c. 136, s. 3, prohibiting mortgages to secure future advances.

Motion to vacate a foreclosure decree.

*Bingham, Mitchell & Batchellor*, for the motion.

*J. W. Remick*, with whom was *E. C. Mowry* (of Rhode Island), for the plaintiffs.

Clark, J. This is a motion to vacate a decree for foreclosure of a mortgage by a creditor of the estate of N. S. Mowry, who at his decease was the owner of the equity of redemption in the mortgaged premises. N. S. Mowry died in the spring of 1889 insolvent. The petitioner became a creditor of N. S. Mowry's estate in October, 1889, by an assignment of a judgment against Mowry and others. The foreclosure proceedings were by bill in equity, filed November 6, 1889, in which the administrators upon the estate of N. S. Mowry were made defendants; and at the March term, 1890, the bill was ordered taken as confessed, and a decree rendered that unless the defendants pay to the plaintiffs, within sixty days from March 18, 1890, the sum of $24,902.16 with interest from that date, and costs of suit taxed at $10.75, a writ of possession issue to the plaintiffs to put and secure them in possession of the premises. A writ of possession issued May 20, and the plaintiffs were put in possession May 21, 1890. At the September term, 1890, the motion to vacate the decree was made and denied, subject to exception. The petitioner does not charge any fraud on the part of the administrators of Mowry's estate in not resisting the foreclosure, nor offer to redeem the mortgage, but as the right of the petitioner to appear is not questioned, we express no opinion upon that point. The facts stated show no error in the decree of foreclosure, and the motion to vacate was rightfully denied.

The mortgage was given January 23, 1877, by the Waumbek Lumber Company to W. G. R. Mowry, to secure a note dated

October 1, 1876, payable on demand, for $20,282.28, no part of which has ever been paid. April 27, 1878, W. G. R. Mowry assigned the mortgage to the plaintiffs, "together with all the debts, claims, and demands upon which the same is predicated, with all the rights thereunto in any wise appertaining," as security for the repayment to the plaintiffs of $3,975, and as security for all other sums of money for which he was then indebted or liable, or might thereafter become liable, to the plaintiffs. June 29, 1880, Charles G. Smith, assignee in bankruptcy of the Waumbek Lumber Company, conveyed the mortgaged premises to Charles A. Sinclair, and on the same day Sinclair conveyed an undivided half to W. G. R. Mowry, the mortgagee, and on December 3, 1880, he conveyed the other half to McKean and Fletcher, and on December 31, 1880, McKean and Fletcher conveyed their half to W. G. R. Mowry, and on November 14, 1883, W. G. R. Mowry conveyed the premises to N. S. Mowry. Each of these conveyances was made subject to the mortgage from the Waumbek Lumber Company to W. G.•R. Mowry.

Upon these facts, as against W. G. R. Mowry the plaintiffs are entitled to a decree for the amount of his indebtedness to the plaintiffs, for which the mortgage is held as collateral security, and that was the amount allowed in the decree of foreclosure. Assuming that the estate of N. S. Mowry holds both the right of the Waumbek Lumber Company, the original mortgagor, to redeem, and the right of W. G. R. Mowry to fulfil the condition of the assignment to the plaintiffs by paying the indebtedness for which the mortgage note is held by the plaintiffs as collateral security, these rights being acquired from W. G. R. Mowry, both the estate and the creditors of the estate are bound by the terms of the assignment of the mortgage to the plaintiffs.

The motion to vacate the decree is based upon the claim that the assignment of the mortgage to the plaintiffs was valid only to the extent of $3,975, the actual indebtedness of W. G. R. Mowry to the plaintiffs at the time of the transfer, and that the stipulation in the assignment covering future indebtedness is repugnant to G. L., c. 136, s. 3, and inoperative. It is also claimed that the conveyances by Sinclair, June 29, 1880, and by McKean and Fletcher, December 31, 1880, to W. G. R. Mowry, the mortgagee, extinguished the mortgage title by merger, excepting as to the existing indebtedness of W. G. R. Mowry to the plaintiffs.

The fact that the assignment of the mortgage to the plaintiffs covered future advances did not change the character of the debt secured by the mortgage. Section 3 of chapter 136, Gen. Laws, provides that "No estate conveyed in mortgage shall be holden by the mortgagee for the payment of any sum of money or the performance of any other thing, the obligation or liability to the payment or performance of which arises, is made, or contracted after the execution and delivery of such mortgage." The assignment of a

mortgage given for an existing debt as security for future advances is not within the prohibition of the statute. The foreclosure proceedings are based upon the original mortgage debt, and the plaintiffs are entitled, as against W. G. R. Mowry, the mortgagee and assignor of the mortgage, and all parties deriving title from him with notice of the assignment, to a decree for the amount of their claims against W. G. R. Mowry for which the mortgage by the terms of the assignment is held as collateral security, not exceeding the amount of the mortgage debt.

The claim that the mortgage title became extinguished by merger is not sustained. By the assignment of the note and mortgage to the plaintiffs April 27, 1878, W. G. R. Mowry parted with his title as mortgagee, which he never regained, and when he acquired the title of the mortgagor two years afterward there was no merger because there was no union of estates.

*Exceptions overruled.*

SMITH, J., did not sit: the others concurred.