POLK BOND & MORTGAGE COMPANY, a Corporation, EUNICE C. LEWIS, and her husband, K. R. LEWIS, A. R. BOWYER, J. S. NORTON and W. G. OVERSTREET, *Appellants,* v. C. I. DWIGGINS, as Liquidator of the Lakeland State Bank & Trust Company, a defunct Banking corporation, A. H. CLARK and OLLIE D. CLARK, *Appellees.*

147 So. 855.
Division A.
Opinion filed April 18, 1933.

*E. M. Knight,* for Appellants;
*Peterson, Carver & Langston,* for Appellees.

DAVIS, C. J.—An analysis of the record in this case discloses the following controversy: C. I. Dwiggins, as Liquidator of the Lakeland State Bank & Trust Company, a defunct corporation, is seeking as holder of a purchase money mortgage originally executed by W. H. Mitchell and wife to Clara Louise Spivey and assigned of record to Polk Bond & Mortgage Company, to foreclose said mortgage against Polk Bond & Mortgage Company, Eunice C. Lewis and husband, K. R. Lewis, and A. R. Bowyer, J. S. Norton and W. C. Overstreet.

A motion to dismiss the bill challenged the right of complainant to maintain the suit under the facts alleged. Such facts were substantially as follows: The mortgage was given by W. H. Mitchell and wife to one Clara Louise Spivey and duly recorded; thereafter the Polk Bank & Mortgage Company made arrangements to purchase the note and mortgage from the mortgagee Spivey; this it attempted to and did accomplish by obtaining certain moneys from A. H. Clark and Ollie D. Clark, taking an assignment of the note and mortgage from Clara Louise Spivey and her husband, recording the assignment and then pledging the note and mortgage to Lakeland State Bank & Trust Company, as trustee under a certificate of indebtedness the pledge was made to secure for A. H. and Ollie Clark's benefit. In the meantime, the fee simple title to the property passed to Eunice C. Lewis and K. R. Lewis who purchased the land subject to the recorded mortgage and assumed and agreed to pay it. Later the Lewis' conveyed the title to the property by deed made to Polk Bond & Mortgage Company, *as trustee,* the deed reciting that it was accepted in full payment and satisfaction of the original Mitchell mortgage which had been assigned to Polk Bond & Mortgage Company, *not* as trustee.

So on the date the suit was started the public records showed the mortgage from Mitchell to Spivey, unsatisfied by an express satisfaction noted of record; the recorded assignment from Spivey to Polk Bond & Mortgage Company; deeds conveying the legal title to the Lewises', a deed from the Lewises to Polk Bond & Mortgage Company *as trustee* vesting the legal title to the mortgaged land in Polk Bond & Mortgage Company as trustee under a recital that the deed was made to satisfy in full the Mitchell mortgage.

But the public records did not show (although the bill alleges such to be the facts) that after taking its recorded assignment of mortgage from Spivey, the Polk Bond & Mortgage Company pledged and actually delivered the note and mortgage itself to Lakeland State Bank & Trust Company, to be held by the latter, as trustee, under a certificate of indebtedness and trust receipt made in favor of the Clarks. The interests asserted by the other defendants are based upon transactions had by them with Polk Bond & Mortgage Co. while the records stood as just cited.

The Circuit Judge held that the motion to dismiss the bill should be overruled. The appeal is from that order.

Appellants contend that since the public records showed an assignment of the mortgage to Polk Bond & Mortgage Company at the time the holders of the legal title made deeds to the mortgaged land to said Polk Bond & Mortgage Company, *as trustee,* reciting that the deed was made and accepted in full satisfaction of the mortgage debt, that the conveyance of the legal title to the assignee of the mortgage as shown of record, operated as an extinguishment of the outstanding mortgage by merger, notwithstanding the fact that at that time, the Polk Bond & Mortgage Company was not the beneficial owner nor holder of the mort-

gage, because of its pledge and physical delivery to Lakeland State Bank & Trust Company, as trustee.

The Chancellor held against appellants' contention. The substance of his holding was that the deed from the legal title holder to the record assignee was not in the. legal sense of the word a "satisfaction" of the mortgage or record, but was at most a transaction that might amount to a "merger" of the legal title and mortgage lien and thereby extinguish the latter, but for the circumstances further alleged in the bill which negatived that idea. He further held that this was especially so in view of the fact that the deed in controversy was made to Polk Bond & Mortgage Company, *as trustee,* and not individually, thereby indicating on its face that the rights of other parties were involved and that it was not intended that there should be any merger such as would satisfy the mortgage and wipe it out. We find no error in such ruling on the motion to dismiss.

In order to effect a merger by operation of law the two estates must meet in one and the same person, at one and the same time and in one and the same right. Jackson v. Relf, 26 Fla. 465, 8 Sou. Rep. 184; Seaboard Air Line Ry. Co. Board of Trustee, etc., 91 Fla. 612, 108 Sou. Rep. 689, 46 A. L. R. 870. The ownership of the mortgage, with the debt secured by it, and the title to the same must meet in one and the same person. There can be no merger at law, without a union of titles in the same person; nor, in equity, unless, also, there is an express or presumed intention on the part of those concerned in the transaction that it should operate as a merger. Curtis V. Moore, 152 N. Y. 159, 46 N. E. Rep. 168, 57 Am. St. Rep. 506; Lime Rock Nat. Bank v. Mowrey, 66 N. H. 598, 22 Atl. Rep. 555, 13 L. R. A. 294; Pratt v. Bank of Bennington, 10 Vt. 293,

33 Am. Dec. 201; Jones on Mortgages, 7th Ed. Sec. 870, 872.

Whether or not under Section 5644 C. G. L., 3841 R. G. S., complainant would be estopped to deny that the lien of Lakeland State Bank & Trust Company is superior to the liens of the several defendants, because the bank's assignment was not placed of record and was not made known to such defendants when they dealt with the assignee of record, is a question that can not be equitably decided on a motion to dismiss the bill, since the bill containing equity as it does, is sufficient to warrant some relief and thereby defeat a motion to dismiss for want of equity.

Affirmed and remanded for further proceedings.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.