AUGUSTUS HILTON and W. D. BUSH, as Trustees, v. NORTHERN CENTRAL TRUST Co., of Philadelphia, Pa.

154 So. 328.
Opinion Filed December 20, 1933.
Decree Reaffirmed on Rehearing May 5, 1934.

*L. D. McGregor* and *Dickenson & Lake,* for Appellants;
*Sutton, Tillman & Reeves* and *William Hunter,* for Appellee.

PER CURIAM.—On a previous appeal in this case taken from an order setting aside a final decree and a decree *pro confesso* against the present appellants, Bush and Hilton, as Trustees, the order appealed from was affirmed (North Central Trust Co. of Philadelphia v. Gallagher, 98 Fla. 982, 124 Sou. Rep. 451) and upon remand, issues were framed, testimony was taken and a final hearing was had, which led to the entry of the final decree now brought before this Court on the present appeal.

The chancellor made a specific finding of fact to the effect that appellee held the notes and mortgage sought to be foreclosed, as collateral security for the note of one John C. Hermann, payable to the Phoenix Trust Company, which company was merged into the Northern Central Trust Company, and accordingly gave complainant below a decree for $34,794.83, as a first lien against the mortgaged premises.

On appeal, the original mortgagors contend that the chancellor should have found from the evidence that the loan of $30,000.00 made by Phoenix Trust Company to John Hermann was an individual loan, made to him by said company on a non-collateral note for that amount executed by him to Phoenix Trust Company at a time when the original mortgage notes executed by Augustus Hilton and W. D. Bush, had been paid in full by parties who had acquired the title to the mortgaged property, and who had assumed their payment and had actually paid the same to the real holder of the notes and mortgage prior to the alleged hypothecation of same by John Hermann as collateral.

It is undoubtedly the law that where a purchaser of an equity of redemption in mortgaged lands has assumed the

payment of the mortgage debt, or otherwise made himself personally liable for it, that his payment of the debt will generally be held to work an extinguishment of the mortgage. Burnham v. Dorr, 72 Me. 198, cited with approval in Polk County National Bank v. Darrah, 52 Fla. 581, 42 Sou. Rep. 323. See also 3 Pomeroy's Equity Jurisprudence, Sec. 1213; Crampton v. Massie, 236 Fed. (C. C. A., Fifth Circuit) 900, text 902. In the last cited case it was said to be the generally accepted rule that when a debt secured by a mortgage has been *paid,* the mortgage becomes *functus officio* and dead, and it cannot be made to stand as security for a new or different debt between the original parties, or reissued to a different creditor.

It may also be regarded as the settled rule in this jurisdiction and in most, if not all of the others, that under the doctrine of merger, where notes secured by a mortgage come into possession of the maker, such notes and *pro tanto* the mortgage securing them, are regarded as thereby extinguished as to third persons, no matter what would be the effect of the reissue of the notes between the maker and a second holder. Peoples Bank of Plaquemine v. Erwin, 238 Fed. (C. C. A., Fifth Circuit) 791; Kilpatrick v. Haley, 66 Fed. 133, text 138; Hult v. Temple, 201 Iowa 663, 208 N. W. Rep. 70, 46 A. L. R. 317, and notes beginning on page 329. Compare: Drake Lbr. Co. v. Semple, 100 Fla. 1757, 130 Sou. Rep. 577.

It may be said moreover that there is in the present record evidence that tends persuasively to support the finding that appellants contend should have been made by the chancellor with reference to alleged discharge, prior to hypothecation as collateral, of the notes and mortgage in controversy, but there is also evidence which in law is ample to support a

finding to the contrary, which latter finding the chancellor actually did make.

The chancellor rendered a detailed opinion which he incorporated into his final decree, which opinion embraces a specific finding on all the essential controverted facts which led the chancellor to enter the final decree appealed from. By such opinion it is affirmatively shown that the rules of law properly applicable to a decision on pleadings and the evidence was kept in mind and followed by the judge, whose findings of facts based on the evidence, or on reasonable inferences warranted by the evidence, will not be reversed by this Court on appeal unless they appear to be clearly wrong. Appellants in the present case have failed to meet that burden with respect to the alleged insufficiency of the proof to support the decree appealed from, so that decree must be and is hereby affirmed.

Affirmed.

DAVIS, C. J., and WHITFIELD and TERRELL, J. J., concur.

BUFORD, J., dissents.

ELLIS, J., not participating.

BROWN, J., absent and not participating because of illness.

### ON PETITION FOR REHEARING.

PER CURIAM.—A petition for rehearing was granted in this cause, including a reargument on the merits. We have made a careful re-examination of the record and each question raised in the petition. We have reached the conclusion that our former opinion was amply supported by the record and have found nothing on the second examination to cause us to change or modify it. It is therefore reaffirmed on rehearing.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.