WALTER J. DOLAN PROPERTIES, INC., a corporation, PASCO HOLDING COMPANY, a corporation, and FRANCIS M. DOLAN, as trustee, v. ARTHUR VONNEGUT, as Executor of the last will and testament of Mrs. Arthur Vonnegut, deceased.

183 So. 740.

Opinion Filed June 4, 1938.

On Rehearing October 24, 1938.

*Leland Hyser,* for Appellants;
*Worth, Bivens & Lively,* for Appellee.

BUFORD, J.—This is the second appearance of this case here. For its former appearance see Walter J. Dolan Properties, Inc., v. Vonnegut, 117 Fla. 831, 158 So. 457.

In that case, Mrs. Arthur Vonnegut, joined by her husband, Arthur Vonnegut, on June 21, 1932, brought her bill of complaint against certain defendants, including the Walter J. Dolan Properties, Inc., and the Pasco Holding Co. to foreclose a mortgage on certain described real property owned by the Walter J. Dolan Properties, Inc., the mortgage being made to O. L. Dayton, Trustee, to secure the following notes:·

"Note No. 1 $2,350.00, due on or before 1 year from date thereof;
Note No. 2 $1,900.00, due on or before 1 year from date thereof;
Note No. 3 $ 550.00, due on or before 1 year from date thereof;
Note No. 4 $2,350.00, due on or before 2 years from date thereof;
Note No. 5 $1,900.00, due on or before 2 years from date thereof;
Note No. 6 $ 550.00, due on or before 2 years from date thereof;
Note No. 7 $2,350.00, due on or before 3 years from date thereof;
Note No. 8 $1,900.00, due on or before 3 years from date thereof;
Note No. 9 $ 550.00, due on or before 3 years from date hereof;"

The bill of complaint in that case alleged that Mrs. Arthur Vonnegut holds by assignment notes Number 2, 5 and 8; that George W. Dayton holds by assignment notes Num-

ber 1, 4 and 7; and that H. A. Emmons holds by assignment notes Number 3, 6 and 9.

On February 9, 1933, upon suggestion made that Mrs. Arthur Vonnegut had departed this life on December 11, 1932, the cause was revived in the name of Arthur Vonnegut, as Executor of the last will and testament of Mrs. Arthur Vonnegut, deceased.

The final decree, entered on August 11, 1933, found that this mortgage was a first lien on the property, and that there was then due, owing and unpaid to Aruthur Vonnegut, as Executor of the last will and testament of Mrs. Arthur Vonnegut, deceased, H. A. Emmons and George W. Dayton, these sums:

"(a) To the Complainant:

| | |
|---|---:|
| Principal balance due | $5,700.00 |
| Interest thereon from Jan. 29, 1927, to May 30, 1938, at 8% | 2,888.00 |
| Cost of abstracts | 68.58 |
| Master's fees including the taking and transcribing of testimony | 69.50 |
| Sheriff's fees | 8.05 |
| Clerk's fees | 35.00 |
| Clerk's fees for certified copies of mortgage and assignment | 6.00 |
| Cost of publishing orders of publication | 40.50 |
| Complainant's solicitor's fees | 850.00 |

$9,665.63

"(a) Cont'd—Sub-total brt. fwd.:                     $9,665.63
"(b) To the defendant, H. A. Emmons:
        Principal balance due _____$1,650.00
        Interest thereon from Jan. 29,
           1927, to May 30, 1933, at 8%    836.00
                                                     $2,486.00
"(c) To H. A. Emmons and George W. Dayton:
        Principal balance due _____$7,050.00
        Interest thereon from Jan. 29,
           1927, to May. 30, 1933, at 8%  3,572.00
                                                     $10,262.00
                Grand Total _____$22,773.63"

The court ordered that the entire sum be paid within two days or the property be sold to satisfy these amounts, which are to be paid in this order: (1) Costs and expenses of the sale, including advertising costs; (2) costs of this suit, including abstract costs, master's fees, sheriff's fees, clerk's fees, solicitors' fees and costs of publishing orders of publication; (3) State and County taxes due; (4) the amounts due and owing to Arthur Vonnegut, as Executor of the last will and testament of Mrs. Arthur Vonnegut, deceased, H. A. Emmons and George W. Dayton, as provided by the terms of this decree, and if the funds in the Master's hands be insufficient for this purpose then the same shall be prorated to said parties, in proportion to the sums heretofore decreed to be due them; and (5) the surplus, if any, to be brought into court to abide further orders of the court to be made hereafter.

In a short per curiam decision, filed on January 2, 1935, the Supreme Court affirmed the final decree rendered in the court below. Walter J. Dolan Properties, Inc., v. Vonnegut, 117 Fla. 831, 158 So. 457.

Thereafter, upon petition of Arthur Vonnegut, as Executor of the last will and testament of Mrs. Arthur Vonnegut, deceased, the Supreme Court entered an order granting petitioner leave to file, in the Circuit Court, a bill of review as prayed, without prejudice to the right of appellants to plead, answer or move to dismiss the bill, or to assert by way of answer in the Circuit Court the allegations pleaded to the rule nisi in the Supreme Court.

After first obtaining leave of the Circuit Court, Arthur Vonnegut, as Executor of the last will and testament of Mrs. Arthur Vonnegut, deceased, brought his bill of review against Walter J. Dolan Properties, Inc., Pasco Holding Co., and Francis M. Dolan, as trustee, praying that Francis M. Dolan as Trustee, be decreed to hold the promissory notes held by him, as trustee for the maker of said notes, the Walter J. Dolan Properties, Inc., and that the lien of said notes has merged with the legal title to the real estate and that the notes be cancelled, vacated and set aside.

The bill of review alleged that after rendition of the final decree and prior to the appeal of the cause, George W. Dayton transferred his interest in the three notes for $2,350.00 each to H. A. Emmons; that Walter J. Dolan Properties, Inc., and Pasco Holding Co. have practically identical stockholders and directors, and the former conveyed to the latter the mortgaged premises, subject to the mortgage; that Pasco Holding Co. entered into an agreement with R. I. Meader as trustee for the Florida Trap Rock Products Co., in process of organization, whereby the latter undertook to quarry rock and stone from the mortgaged premises and other land, agreeing to pay certain royalties therefor to the Pasco Holding Co., of which Walter J. Dolan, Francis M. Dolan and S. W. Dolan were and are stockholders and directors; that Walter J. Dolan and Francis M. Dolan, in

dealing at arm's length with plaintiff, voluntarily stated that they controlled six of said notes, three in the amount of $550.00 each and three in the amount of $2,350.00 each; that thereupon plaintiff filed in the Supreme Court his petition for leave to file a bill of review, to which Walter J. Dolan Properties, Inc., and Pasco Holding Co filed an answer, attaching thereto copies of the assignments whereby O. L. Dayton, trustee, and George W. Dayton assigned the notes held by each of them to H. A. Emmons, and a copy of the assignment by which H. A. Emmons assigned all six notes to Francis M. Dolan, as trustee; that R. E. Wells and Geraldine B. Wells, his wife, made a loan of $13,000.00 to the Florida Trap Rock Products Co., taking as security therefor a mortgage on the machinery, equipment and fixtures affixed to the real estate being foreclosed on by plaintiff, in addition to other real estate; that upon information and belief plaintiff avers that all or part of the proceeds of said loan were used in the purchase, from H. A. Emmons, of the six notes by Francis M. Dolan as trustee, who holds them for the use and benefit of Walter J. Dolan Properties, Inc., the original maker of all of said notes; that said notes have become merged with the legal title, and the lien of said notes as to the land and as to the plaintiff has ceased and said notes should be cancelled; that plaintiff believes the premises will not bring a sufficient amount on foreclosure sale to pay the sums due plaintiff, and if the notes ostensibly held by Francis M. Dolan as trustee, are permitted to stand, the Dolans, either personally or through their corporations, will receive approximately 60% of the net amount realized from the sale; that plaintiff learned of the transfer of said notes to Francis M. Dolan as trustee subsequent to entry of the final decree, and learned that Francis M. Dolan as trustee was holding said notes for the use of the Dolans and their corporations after

affirmance of the final decree; that plaintiff could not, by the exercise of reasonable diligence, have learned of these facts in time to present such evidence to the Special Master, because the facts lay in the knowledge of the defendants, and were not disclosed until after entry of the final decree, and plaintiff had no way of learning of said facts except through said defendants.

Motion to dismiss the bill of review was denied and the defendants were given 15 days in which to file answer thereto.

The Walter J. Dolan Properties, Inc., the Pasco Holding Co. and Francis M. Dolan as trustee, filed their answer, averring that George W. Dayton did not hold any of said notes at the time of filing the second amended bill of complaint, and that he did not transfer said three notes to H. A. Emmons between the entry of the final decree and the taking of the appeal, but did so about February 3, 1932 (after the filing of the original bill of complaint but before filing the second amended bill of complaint); that Walter J. Dolan Properties, Inc., and the Pasco Holding Co. do not have identical stockholders and directors except as to Walter J. Dolan, who is President of both corporations; that Walter J. Dolan Properties, Inc., conveyed the mortgaged property to the Pasco Holding Co. prior to plaintiff's acquisition of an interest in the three notes for $1900.00 each; that the three notes for $550.00 each and the three notes for $2,350.00 each were assigned by H. A. Emmons to Francis M. Dolan as trustee, on or about September 23, 1932 (after the second amended bill was filed but before final decree was rendered); that Francis M. Dolan as trustee denies he holds said six promissory notes for the use and benefit of Walter J. Dolan Properties, Inc., denies that the notes have become merged with the legal title, which the bill of review shows to be in the Pasco

Holding Co., and denies that the lien of said notes as to the mortgaged property and as to plaintiff has ceased and should be cancelled; that it was intended upon taking the assignment of said six notes from H. A. Emmons to keep the lien on the mortgage alive and in existence, which intent continues and is evidenced by the assignment; that defendants are without knowledge as to what the yield of the mortgage premises will be at foreclosure sale; that defendants deny that plaintiff acquired knowledge of the transfer of the notes to Francis M. Dolan as trustee, subsequent to entry of the final decree, and deny that Francis M. Dolan as trustee holds said six notes for the benefit of the Dolans and their corporations as alleged; that Francis M. Dolan as trustee avers that he holds said six notes and an interest in the mortgage securing them, and is entitled to his pro rata share of the proceeds of any sale of the land in the foreclosure proceedings.

The cause was referred to Samuel Borchardt, Esq., as Special Master, to take and report the testimony, without findings of fact or law.

R. E. Wells and Geraldine B. Wells, his wife, filed their petition for leave to file their bill of *Intervention Pro Interesse Suis*, praying therein that they be decreed to have an equitable lien against the fee simple title to the mortgaged premises, subject, however, to the lien of the three mortgage notes held by plaintiff, and that intervenors be subrogated, and declared to be holders of all right, claim, title, interest, or equity of redemption that the defendants or any of them may have in and to the mortgaged premises. Motion to dismiss and an answer were filed to this petition for leave to file this bill of *Intervention Pro Interesse Suis*.

After the testimony had been taken and reported back to the court by the Special Master, the court thereupon entered its final decree, which decree contained the following:

"(3) That Francis M. Dolan as trustee holds title to six (6) promissory notes described in the plaintiff's Bill of Review, three (3) of which are in the amount of Two THOUSAND THREE HUNDRED FIFTY AND No/100 DOLLARS, each, and three (3) of which are in the amount of FIVE HUNDRED FIFTY AND No/100 ($550) DOLLARS, each, said notes being executed by Walter J. Dolan Properties, Inc., a corporation, unto O. L. Dayton as trustee, and that the said Francis M. Dolan holds the legal title to said promissory notes as trustee for the maker of said notes, to-wit, Walter J. Dolan Properties, Inc., and the Court further finds that the lien of said mortgage notes has become merged with the legal title of said real estate.

"(4) The Court hereby reserves for future determination the equities of this cause as between the plaintiff on the one hand, and R. E. Wells and Geraldine B. Wells, his wife, on the other hand, the said R. E. Wells and Geraldine B. Wells, his wife, having filed in this cause a Petition for leave to file a Bill of *Intervention pro interesse suis*, which petition this Court reserves the right to consider, as well as the right to adjudicate the equities between the petitioners and the plaintiff at a later date.

"WHEREFORE, THE PREMISES CONSIDERED, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

"I. That the said lien of the said six (6) promissory notes so held by Francis M. Dolan as trustee has become merged with the legal title of said real estate, and the said Francis M. Dolan as such trustee is hereby directed to enter a satisfaction of said notes of record within five (5) days of the entry of this decree, and upon his default or failure to do so this decree shall operate as a satisfaction of the lien of said notes so held by the said Francis M. Dolan as trustee.

"II. It is further ORDERED, ADJUDGED AND DECREED that the jurisdiction of this cause be retained for the purpose of determining the equities of this cause as between the plaintiff and the petitioners R. E. Wells and Geraldine B. Wells, his wife."

Upon motion made, the Court entered a final decree ordering that within two days the Walter J. Dolan Properties, Inc., and Pasco Holding Co., pay plaintiff $11,665.20 together with interest and costs, or the property be sold by Samuel Borchardt, Esq., as Special Master, who shall report the same to the court for confirmation, and upon confirmation shall pay out the proceeds of the sale in the following order: (1) costs and expenses of the sale, including advertising costs; (2) costs of this suit, including abstract costs, Master's fees, Sheriff's fees, Clerk's fees, solicitor's fees and cost of publishing orders of publication; (3) State and County taxes; (4) the amount due plaintiff for principal and interest, as provided by the terms of this decree; (5) the surplus, if any, to be placed in the registry of the court, to abide the further orders and decrees of the court to be hereafter entered.

From the final decree adjudging the rights of the parties and from the decree directing the sale of the property and the disposition to be made of the proceeds, the Walter J. Dolan Properties, Inc., Pasco Holding Co. and Francis M. Dolan as trustee, took an appeal.

There is but one real question presented by the briefs in this case and that is whether a merger occurred when the six notes were transferred to Francis M. Dolan as trustee.

The bill of review alleged that the assignment of the notes from O. L. Dayton as trustee to H. A. Emmons, and the assignment of the three notes from George W. Dayton to H. A. Emmons, and the assignment of all six of the notes from H. A. Emmons to Francis M. Dolan as trustee were

not recorded, and plaintiff had no knowledge or notice of the last assignment until answer was filed in the Supreme Court to the petition for leave to file a bill of review. The record shows that George W. Dayton executed the assignment of the three notes to H. A. Emmons on February 3, 1932; that O. L. Dayton, trustee, executed the assignment of the three notes to H. A. Emmons on February 14, 1932; and that H. A. Emmons executed the assignment of all six notes to Francis M. Dolan as trustee on September 23, 1932. The record fails to show that the latter assignment was recorded; and there was no evidence introduced showing that plaintiff acquired any knowledge of that assignment prior to the time alleged in the bill of review. These facts were peculiarly within the knowledge of the defendants, and they introduced no evidence to show that these facts were disclosed to plaintiff prior to the time they were alleged to have been disclosed. Therefore there was no opportunity prior to the time alleged to raise the question of merger.

"In order to effect a merger by operation of law the two estates must meet in one and the same person, at one and the same time, and in one and the same right. Jackson v. Relf, 26 Fla. 465, 8 So. 184; Seaboard Air Line Ry. Co. v. Board of Trustees, etc., 91 Fla. 612, 108 So. 689, 46 A. L. R. 870. The ownership of the mortgage, with the debt secured by it, and the title to the same, must meet in one and the same person. There can be no merger at law, without a union of titles in the same person; nor, in equity, unless, also, there is an express or presumed intention on the part of those concerned in the transaction that it should operate as a merger (citing authorities)." Polk Bond & Mortgage Co. v. Dwiggins, 109 Fla. 443, 147 So. 855.

"It may also be regarded as the settled rule in this jurisdiction and in most, if not all of the others, that under the doctrine of merger, where notes secured by a mortgage come

into possession of the maker, such .notes and *pro tanto* the mortgage securing them, are regarded as thereby extinguished as to third persons, no matter what would be the effect of the reissue of the notes between the maker and a second holder (citing authorities)." Hilton v. Northern Central Trust Co. of Philadelphia, 114 Fla. 796, 154 So. 328.

A merger takes place when a greater estate and a less meet in one and the same person, in one and the same right, without any intermediate estate, the lesser estate being merged in the greater; but merger is not a necessary result of the union of the two estates in the same person. The intention and interest of the party who unites the two estates in himself will determine whether or not a merger takes place. Jackson v. Relf, 26 Fla. 465, 8 So. 184; see Lawton v. McIlvaine, 113 Fla. 743, 152 So. 179. Where an incumbrancer, by mortgage or otherwise, becomes the owner of the legal title, a merger will not be held to take place if it be apparent that it was not the intention. of the owner, or if, in the absence of any intention, the merger was against his manifest interest. Jackson v. Relf, 26 Fla. 465, 8 So. 184.

Whether a transaction shall be held, in legal effect, to operate as a payment and discharge, which extinguishes the mortgage, or as an assignment, which preserves and keeps it on foot, does not so much depend on the form of words used, as on the relations subsisting between the parties advancing the money, and the party executing the transfer or release and their relative duties. Polk County National Bank v. Darrah, 52 Fla. 581, 42 So. 323; Sumner v. Osborne, 101 Fla. 742, 135 So. 513.

A mortgage cannot be enforced on any other basis than that on which it was given. Sumner v. Osborne, 101 Fla. 742, 135 So. 513. When a debt secured by a mortgage has

been paid the mortgage becomes *functus officio* and dead and it cannot be made to stand as security for a new or different debt between the original parties or reissued to a different creditor. Hilton v. Northern Central Trust Co. of Philadelphia, 114 Fla. 796, 154 So. 328.

It is alleged in the bill of review that the mortgaged property was conveyed by the Walter J. Dolan Properties, Inc., to the Pasco Holding Co., both having practically the same stockholders and directors; that the latter corporation contracted with R. I. Meader as trustee of the Florida Trap Rock Products Co. for the quarrying of rock on the mortgaged premises; that the six notes in question were assigned from H. A. Emmons to Francis M. Dolan as trustee; that for a loan of $13,000.00 by R. E. Wells and Geraldine B. Wells, his wife, the Florida Trap Rock Products Co. executed a mortgage on the machinery, equipment and fixtures affixed to the mortgaged realty in addition to a mortgage on other realty; that all or a part of the proceeds of said loan were used for the purchase of said six promissory notes by Francis M. Dolan as trustee from H. A. Emmons; that Francis M. Dolan as trustee holds said six promissory notes for the use and benefit of the Walter J. Dolan Properties, Inc. The bill of review also alleged:

"(11) By reason of the above and foregoing premises your orator respectfully avers that the said notes acquired by Francis M. Dolan as trustee from H. A. Emmons, as aforesaid, have become merged with the legal title and the lien of said notes as to said mortgaged premises, and as to your orator has ceased and determined and the said notes should be cancelled, vacated and set aside."

It is further alleged that if the notes ostensibly held by Francis M. Dolan as trustee are permitted to stand the said Dolans, either personally or through their corporations,

will receive approximately 60% of the proceeds of the sale after paying costs, taxes, attorney's fees, etc.

The mortgaged property was conveyed to the Pasco Holding Co., on April 20, 1931, by deed, which was recorded April 24, 1931; and the six notes were assigned by H. A. Emmons to Francis M. Dolan as trustee on September 23, 1932. It is contended that a merger occurred when the notes came into the hands of Francis M. Dolan as trustee, presumably on the theory that the legal title was in the Walter J. Dolan Properties, Inc., and the notes were held by a trustee of that corporation; and that through that corporation, if no merger were declared to take place, the other two corporations, the Pasco Holding Co. and the Florida Trap Rock Products Co. and the Dolans, would profit thereby. If the mortgaged property was still standing in the name of the Walter J. Dolan Properties, Inc., and the notes were purchased by it, there would be no doubt but that a merger would take place. But here, the mortgaged property had been transferred to another corporation, the Pasco Holding Co., at the time of the purchase of the notes by Francis M. Dolan as trustee. A transfer of stock in the Pasco Holding Co. was the consideration for the conveyance of the mortgaged property, and there is no allegation in the bill of review that the consideration was inadequate or the conveyance was fraudulent, but the bill of review alleged that the stockholders and directors of the Walter J. Dolan Properties, Inc., and the Pasco Holding Co. were practically identical. The answer denied that the stockholders and directors of these two corporations were the same, except as to Walter J. Dolan, and the record does not show that the two sets of stockholders and directors were the same. There was evidence showing who were stockholders of the Pasco Holding Co., but none showing who were stockholders of the Walter J. Dolan Properties,

Inc.; but there was evidence to the effect that Walter J. Dolan was President of both corporations. It is not shown by the bill of review or by the evidence that there was such connection between the Florida Trap Rock Products Co. and the Walter J. Dolan Properties, Inc., that the act of the one could be considered as equivalent to the act of the other, in that money obtained by the one by mortgaging its personal and real property, which money was used to purchase certain notes made by the other corporation, would merge the legal and equitable titles, so that the notes should be cancelled, vacated and set aside.

Under the circumstances set forth above, when the maker of notes has transferred the mortgaged property to another corporation for valuable consideration, and the notes are thereafter purchased by one, who is alleged to be a trustee for the maker of the notes, with money alleged to have been obtained from a third corporation, and there is lack of proof showing the identity in fact of the grantor and grantee corporations, or of the grantor and the third corporations, there is an insufficient showing of facts under the rules laid down by this court for the occurrence of a merger. Therefore, we think the chancellor below erred in holding that a merger occurred as to said six notes, under the allegations and proofs here produced, and for that reason we think the final decree should be and it is hereby reversed.

It is so ordered.

WHITFIELD, TERRELL, BROWN and CHAPMAN, J. J., concur.

## ON REHEARING.

BUFORD, J.—The facts of this case are fully set out in our opinion filed herein on June 4th, 1938.

Portions of the decree appealed from were set out in that opinion, among which was a finding of fact, as follows:

"(3) That Francis M. Dolan as Trustee holds title to six (6) promissory notes described in the plaintiff's Bill of Review, three (3) of which are in the amount of Two Thousand Three Hundred Fifty and No/100 Dollars each, and three (3) of which are in the amount of Five Hundred Fifty and No/100 ($500) Dollars each, said notes being executed by Walter J. Dolan Properties, Inc., a corporation, unto O. L. Dayton as Trustee, and that the said Francis M. Dolan holds the legal title to said promissory notes as Trustee for the maker of said notes, to-wit: Walter J. Dolan Properties, Inc., and the Court further finds that the lien of said mortgage notes has become merged with the legal title of said real estate."

This finding of fact, except as to the fact that the lien of the mortgage notes had become merged with the legal title is amply supported by the record and, therefore, should not be set aside or overruled by the appellate court.

Upon this and other findings of fact, the Chancellor decreed:

"That the said lien of the said six promissory notes so held by Francis M. Dolan as Trustee has become merged with the legal title of said real estate, and the said Francis M. Dolan as such Trustee is hereby directed to enter a satisfaction of said notes of record within (5) days of the entry of this decree, and upon his default or failure to so do this decree shall operate as a satisfaction of the lien of said notes so held by the said Francis M. Dolan as Trustee."

In this connection we said:

"Under the circumstances set forth above, when the maker of notes has transferred the mortgaged property to another corporation for valuable consideration, and the notes are thereafter purchased by one who is alleged to be a trustee for the maker of the notes, with money alleged to

have been obtained from a third corporation, and there is lack of proof showing the identity in fact of the grantor and grantee corporations, or of the grantor and the third corporations, there is an insufficient showing of facts under the rules laid down by this court for the occurrence of a merger. Therefore, we think the Chancellor below erred in holding that a merger occurred as to said six notes, under the allegations and proofs here produced." * * *

While our holding in that regard was correct, we failed to duly consider and state what the adjudication should have been on the finding of fact hereinabove quoted in the event merger did not occur.

On consideration of the cause pursuant to rehearing granted, we find and hold that the only material error disclosed by the record is the adjudication that merger occurred.

It conclusively appears, however, that appellee was entitled to the relief prayed whether the merger existed or not because the duty rested on Walter J. Dolan Properties, Inc., to pay off and discharge the said notes and when Francis M. Dolan acquired the legal title to the notes in trust for the use and benefit of the maker of the notes, to-wit: Walter J. Dolan Properties, Inc., that transaction constituted a payment and discharge of the notes so acquired and left the mortgage standing securing the remaining outstanding notes.

So the decree was erroneous in so far as it adjudicated a merger but was without error in adjudging that the notes in the hands of Francis M. Dolan as trustee were paid off and discharged by operation of law on the acts of the parties.

So the decree stands reversed as herein indicated and the cause is remanded with directions that the Chancellor enter

decree in favor of the complainant in the court below, appellee here, not inconsistent with the views herein expressed.

The costs of this appeal shall be taxed one-half against the appellant and one-half against the appellee.

So ordered.

WHITFIELD, TERRELL, BROWN and CHAPMAN, J. J., concur.