PIERCE, Judge.
In this case appellant Mid-States Insurance Company appeals to this Court from a final judgment entered by the Civil Court of Record for Hillsborough County in a suit brought against the Company by Clark Alday, appellee here.
On October 29, 1969, Alday filed in the trial Court a statement of claim (see Ch. 65-1189, General Laws of Florida, 1965, § 6), alleging that the Company was indebted to Alday as a result of a collision loss involving Alday’s automobile which was covered by an indemnity insurance policy is *195 sued by the Company. The Company answered the statement of claim, denying material allegations thereof, and for affirmative defense contended that the policy in question was not in force and effect at the time of the collision.
Both Alday and the Company filed separate motions for summary judgment, supported by respective affidavits, which motions were severally denied. Whereupon, with consent of the Court, both Alday and the Company stipulated that the trial Court, without intervention of a jury, would decide the factual questions upon the pleadings and affidavits on file. Thereafter, on May 28, 1970, the Court entered final judgment which, after making certain factual determinations, entered judgment in favor of Alday and against the Company in the agreed amount of loss, $1,250.00, plus $250.00 as attorney’s fees. From said judgment the insurance Company appeals to this Court and contends as error the entry of said judgment and the necessary factual determinations made to support the judgment. We agree with the trial Court and affirm.
The whole bone of contention between the parties centers around whether Alday was given proper notice of cancellation by the Company of the insurance policy involved at a time prior to the collision and loss. The Company contends it sent a notice of cancellation to an address in New Jersey where the Company contends it supposed Alday lived. The address in question, however, turned out to be a vacant lot, upon which had formerly been a home occupied by Alday’s aunt until the house burned down to the ground sometime prior to the loss in question.
In the meantime Alday, according to evidence contained in a deposition and affidavits filed in his behalf, had been living at a known address in Tampa. Alday never received the notice of cancellation sent to New Jersey, nor otherwise knew of the same, and contends that a reasonable inference from all the evidence before the trial Judge was that either the notice was never sent by the Company or the Company ignored the notice after it was sent back after being undelivered by mail.
The principles of law guiding the trial Judge in such situation are clear. Findings of fact based on reasonable inferences from the evidence will not be disturbed on appeal unless clearly wrong. Hilton v. Northern Central Trust Co. of Philadelphia, Pa., 1934, 114 Fla. 796, 154 So. 328. A trial Judge has a duty to choose which inference shall be drawn from the facts. National Surety Corp. v. Windham, Fla.1954, 74 So.2d 549. Where the evidence and reasonable inferences to be drawn therefrom support the finding and judgment of the trial Court, such judgment will not be disturbed on appeal. Lubrano v. Macauley, Fla.App.1961, 125 So.2d 911; Washington County Kennel Club, Inc. v. Edge, Fla.App.1968, 216 So.2d 512.
There were other facets of evidence before the Court touching upon the main factual issue involved but it is unnecessary to detail each and every item here. Suffice to say that there was sufficient evidence on both sides of the question, which, when considered in connection with the legitimate inferences which could be drawn therefrom by reasonable minded persons, were sufficient to constitute it a disputed question of fact which could only be properly submitted to and decided by the trier of the facts, which, by mutual consent in the instant case, was the trial Judge. He decided the issue in favor of the insured and we cannot substitute our judgment for his judgment. Accordingly the final judgment appealed from is
Affirmed.
LILES, A. C. J., and MANN, J., concur.