HENDRY, Judge.
Appellant, plaintiff and counterdefendant below, appeals a final judgment of the trial court, after a non jury trial, in favor of ap-pellees, defendants and counterplaintiffs below, on their counterclaims for declaratory and injunctive relief.
The final judgment, dated May 28, 1974, adequately summarizes the proceedings in the trial court, and reads in pertinent part as follows:
“THIS CAUSE came on before the Court for a nonjury trial on the defendants’ Counterclaim and plaintiff’s Answer thereto. The plaintiff had filed its Complaint seeking an action for mandatory injunctive relief against the defendants requiring the defendants to replace fill material which was alleged to be illegally excavated by the defendants on the defendants’ subdivision. Plaintiff voluntarily dismissed its Complaint and, after *824 motion and hearing, this Court ordered that the defendants’ Counterclaim shall remain pending for independent adjudication by the Court. Defendants’ Counterclaim sought a judicial declaration as to the jurisdiction of the plaintiff over defendants’ lands and canals under the provisions of Chapter 253, Florida Statutes. The defendants’ Counterclaim also sought injunctive relief.
“The Court heard the testimony of DOUGLAS R. GAINES, one of the defendants, who testified that he applied and obtained from the plaintiff and the United States Corps of Engineers a permit to construct a navigable channel in 1969, and further testified that the existing basin or old borrow pit and existing L-shaped canal, shown on counterclaim-ants’ Exhibit No. 6 admitted into evidence, was dug on the defendants/coun-terclaimants’ upland prior to the time the defendants/counterclaimants received title thereto. Gaines’s testimony was corroborated by A. MAITLAND ADAMS, a predecessor in title to the land under controversy and a witness produced in behalf of the defendants/counterclaim-ants, who testified that such existing basin or borrow pit and existing L-shaped canal were on upland and above high water mark.
“The controversy in this case narrowed down to the question whether the defendant/counterclaimant was required to obtain a permit from the plaintiff/counterdefendant to excavate land in the defendants/counterclaimants’ artificially created navigable waterways. The land excavation consisted of ‘pulling the plugs’ between artificially created navigable waterways.
“The Court took judicial notice and knowledge of the contents and context of Chapter 86, Florida Statutes.
“The Court also took judicial notice and knowledge of the contents and context of Chapter 253, Florida Statutes, and particularly Sections 253.12, 253.122, 253.123, and 253.124.
“The plaintiff-counterdefendant argued that the issues in this case are now moot as defendant/counterclaimant has already completed all excavations it now seeks to have authorized by the Court, and it is not proper to grant judicial relief which are merely advisory.
“After considering the pleadings and after hearing the testimony, it appears to the Co.urt that the defendant/counter-claimant is seeking to obtain relief from insecurity and uncertainty with respect to its future rights and status in excavating said land, which the plaintiff in its Complaint had complained that said land should not have been removed and sought to be replaced under a mandatory injunction.
“The defendant/counterclaimant argues there was no necessity for obtaining a permit for ‘pulling the plugs’, and the plaintiff cannot cause the defendant/counterclaimant to replace the plugs since the excavation of the land or ‘pulling of the plugs’ were conducted within artificially created navigable waters.
“The Court finds that the excavation was conducted in artificially created navigable waters, and under the provisions of 253.123(1) there is no requirement for the defendant/counterclaimant to obtain a permit.
“On the other hand, the plaintiff contends that the holding by the District Court of Appeal of Florida, Third District, in Jefferson National Bank at Sunny Isles v. Metropolitan Dade County, 271 So.2d 207, makes it immaterial whether the defendants/counterclaim-ants’ waterways were artificially created, and further relies on said case since it held that under Section 253.124 it makes no distinction between natural and artificially created navigable waterways. The Court has *825 compared the facts stated in Jefferson National Bank, supra, and the facts testified in the case sub judice. In Jefferson National Bank, supra, the appellant had extended its shoreline by filling beyond the bulkhead line established by the Circuit Court decree in 1951 and beyond the bulkhead line established by the Dade Cou,nty Commission and approved by the Trustees of the Internal Improvement Fund. The defendant/counterclaimant in the case sub judice did not have comparable restrictions which made the proviso at the end of 253.123, namely, ‘provided nothing herein shall relate to artificially created navigable waters,” immaterial. The Jefferson National Bank opinion also held that under 253.124 it makes no distinction between natural or artificially created navigable waterways before any upland owner can so extend his land into navigable waters. Again, under the facts of the case sub judice, the defendants/counterclaimants were not constructing islands or adding to or extending their lands but were removing land in the artificially created navigable waterways.
“The premises considered, it is
“ORDERED AND ADJUDGED AS FOLLOWS:
“1. The defendant/counterclaimant conducted its excavation within artificially created navigable waters and there was no necessity for obtaining a permit from the plaintiff/counterdefend-ant to have done such work.”
Appellant contends on appeal that the trial court erred in entering the final judgment on the grounds (1) there was no competent evidence to establish that the waters involved herein were artificially created navigable waters, and (2) even if the water-bodies were artificially created navigable waters the regulatory authority of appellant still extended to them through the operation of §§ 253.123 and 253.124, Fla.Stat., F.S.A.
Appellees contend that the trial court did not err in entering the final judgment because (1) there was competent evidence that the waters involved were artificially created navigable waters, and (2) the trial court correctly applied § 253.123, Fla.Stat., F.S.A., in determining that appellants lacked regulatory jurisdiction of their excavation inside certain artificially created navigable waters.
In regard to appellant’s first point on appeal, we have carefully reviewed the record and hold that there was substantial competent evidence introduced at trial to support the trial court’s findings that the water-bodies involved in the instant appeal were “artificially created navigable waters” as that term is used in § 253.123(1), Fla.Stat., F.S.A. See Mid States Insurance Company v. Alday, Fla.App.1970, 242 So.2d 194; Ames v. Ames, Fla.App.1963, 153 So.2d 737; and 2 Fla.Jur., Appeals §§ 340 and 343.
Having made this determination, we turn to appellant’s second point on appeal, i. e., whether the artificially created navigable waters involved herein were beyond the regulatory jurisdiction of appellant. Based on the particular facts of the appeal, sub judice, we hold that the trial court correctly determined the excavation conducted by appellees, wholly within artificially created navigable waters owned by them, fell within the exception set forth in § 253.123(1), Fla.Stat., F.S.A., for such waters and, therefore, appellant had no regulatory authority over the excavation work performed by appellees.
We have considered the record, all points in the briefs, and arguments of counsel in the light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the final judgment appealed is affirmed.
Affirmed.