**WALTER LEWIS MOORHEAD v. ELEANOR HUTCHINSON MOORHEAD.**

31 So. (2nd) 867            June Term, 1947
September 16, 1947            Division B

*Waybright & Waybright,* for appellant.

*Milam, McIlvaine, Carroll & Wattles,* for appellee.

BARNS, J.:

This is a cause wherein there is a petition for a writ of certiorari to review an order of the chancellor denying a motion to dismiss and appointing a special master to inquire as to the ability of the husband to pay alimony.

The petition fails to give one single citation to the record and particularly fails to state where in the said record the order of which he complains may be found; and the record likewise is deficient in not having an index.

The record in this case is comparatively small and very neatly prepared except for the want of an index but yet consisting of fifteen items when only six of them are material to the petition for certiorari to-wit: (1) the original bill, (2) answer or plea, (3) motion to dismiss, (4) amendment of the bill, (5) motion for order of reference, (6) order on motion to dismiss and of reference to a master.

The record should have omitted the following: (1) notice of application for an order of reference, (2) affidavit of proof of service, (3) motion to dismiss, (4) first answer or plea filed, (5) summons, (6) sheriff's return, (7) notice of hearing seeking leave to amend bill, and (8) order granting leave to amend bill. At most, they should have only been recited.

We feel it apropriate to warn the attorneys and the court, reporters and others who prepare records-on-appeal that it is imperative that records presented to this Court shall be governed by the rule to-wit:

". . . All pleadings, evidence and other matters not essential to the decision of said question shall be omitted. Formal parts of all exhibits and more than one copy of any document, shall be excluded. Documents shall be abridged by omitting all irrelevant and formal parts.

(b) Penalty. Failure on the part of counsel or others to abbreviate the record on appeal as thus required will sub-

ject them to the payment of such costs as this Court may deem proper to impose."

Rules Supreme Court of Florida Rule 11, (2) (a), (b).

The rule is applicable to court reporters and clerks as well as attorneys and the purpose for which a record is made should govern the attorneys and the court reporter and others preparing the record. It is a simple matter for the attorney to advise the court reporter and for the court reporter or clerk of the court to inquire of the attorney for directions.

Petitioner complains that the chancellor erred in overruling his motion to dismiss plaintiff's bill because of a prior decision of the same controversy on the merits and adverse to the plaintiff. The bill did make reference to the prior controversy and the adverse decision but same was not pleaded with such sufficient particularity as to enable the issue of *res judicata* to be determined on a motion to dismiss and in this respect certiorari is denied.

The prior suit is identified in plaintff's bill but it is not made of part thereof and the chancellor in making his ruling doubtless confined his consideration solely to the contents of the bill.

Petitioner likewise complains that the chancellor erred in referring the cause to a master for a report on the ability of the husband to pay support money after defendant has filed his answer pleading *res judicata*. This is not essentially error, but it would have been appropriate to have determined the issues of prior adjudication first or else likewise have referred this, also, to the master. Certiorari on this is also denied.

Petitioner seems to have proceeded upon the hypothesis that the matter of res judicata has been determined against him by virtue of the chancellor's orders denying motion to dismiss and by his order of reference. We do not so conclude.

The petitioner's pleading to plaintiff's bill was styled "Answer or Plea of Res Judicata." Pleas are abolished (see 63.33 F.S.A.) but the character of a pleading is to be determined by its contents and the title as contained in the capton only goes to the form and in nowise controls. It is a

maxim that "equity regards the substance rather than the form."

Certiorari denied.

THOMAS, C. J., BUFORD and ADAMS, JJ., concur.