SMITH, Chief Judge.
By this petition for certiorari the petitioners endeavor to present for the Court’s determination the interesting and important question of whether nonsuits are still in existence in view of the 1962 amendment to Rule 1.35(b), Florida Rules of Civil Procedure, 30 F.S.A. However, we are unable to reach the nonsuit question be■cause the record on its face shows the ■striking by the Court of the defense of res judicata, the order here sought to be reviewed, was correct and in no way irregular.
Petitioners were defendants in a negli■gence action brought by plaintiff-respondents. Upon being denied a continuance when the case was called for trial the plaintiffs announced they would take a nonsuit. The Court orally granted the nonsuit over the objection of defendants who insisted nonsuits were abolished in Florida. Nothing further was done by the Court nor the parties.
A second action was filed involving the ■same cause of action and the same parties. Among other defenses the answer of the ■defendant asserted that of res judicata based upon the above termination of the first action. Plaintiff moved to strike the defense and the Court granted the motion in a pretrial order. This order is sought to be reviewed on certiorari. The defendant maintains, as he did below, that under the present rules of procedure the granting of the nonsuit in the first case was a ■dismissal with prejudice and therefor is a final judgment which will support the defense of res judicata.
The transcript of the record in the first case, upon which the judge relied in striking the defense, reveals that no action other than the oral granting of non-suit was taken by the Court. Nowhere in the record can there be found a final judgment necessary to the defense of res judicata.
One of the necessary elements in rendering a cause res judicata is a prior final judgment. 19 Fla.Jur., Judgments § 107. Hinchee v. Fisher, Fla.1957, 93 So.2d 351. A party relying on a former judgment must not only plead but must prove the judgment relied upon. Betts v. Betts, Fla.1953, 63 So.2d 302. The mere reference to a prior controversy and adverse decision is insufficient to raise the issue of res judicata. Moorhead v. Moorhead, Fla. 1947, 159 Fla. 470, 31 So.2d 867. The appropriate way to conclude a case nonsuited is to procure a final judgment. Peaslee v. Michalski, Fla.App.1964, 167 So.2d 242.
The plea of res judicata was properly stricken.
Certiorari is denied.
SHANNON, J., concurs.
WPIITE, J., dissents with opinion.