384 So.2d 55 (1980)
Vincenzo ARMETTA et al., Intervenors, Group I, Appellants,
v.
CLEVETRUST REALTY INVESTORS et al., Appellees.
No. 79-96.
District Court of Appeal of Florida, Fourth District.
June 4, 1980.
*56 Alan S. Becker of Becker, Poliakoff & Streitfeld, P.A., Miami Beach, for appellants.
Maurice M. Garcia of Abrams, Anton, Robbins, Resnick, Schneider & Mager, P.A., Hollywood, for appellees.
DOWNEY, Judge.
This is a plenary appeal from a final judgment dismissing Count XVI of appellants' counterclaim with prejudice. We have previously considered other counts of the same counterclaim and affirmed the trial court's action in dismissing them. See: Armetta v. Clevetrust Realty Investors, 359 So.2d 540 (Fla. 4th DCA 1978), cert. denied 366 So.2d 879 (Fla. 1978).
Appellee, as the construction lender, is the plaintiff in the trial court seeking to foreclose its mortgage on a proposed, albeit incomplete, condominium complex. Appellants are intervenors who as contract purchasers paid approximately $1,500,000 in deposits toward the purchase of condominium units.
Count XVI of appellants' counterclaim sought the imposition of an equitable lien on the property in question and a determination that this lien had priority over appellee's mortgage. The thrust of appellants' claim in Count XVI is that appellee's mortgage lien should be held inferior to appellants' claims because of general considerations of right and justice; that the application of the doctrine of equitable estoppel to the circumstance of this case would entitle appellants to an equitable lien prior in dignity to appellee's mortgage.
We believe this case is controlled by Rinker Materials Corp. v. Palmer First National Bank & Trust Co. of Sarasota, 361 So.2d 156 (Fla. 1978), which requires that in order to state a cause of action for an equitable lien on the theory of equitable estoppel it is necessary to allege "fraud, misrepresentation, or other affirmative deception." The allegations of Count XVI do not rise to that level.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.
LETTS, C.J., and HURLEY, J., concur.