HURLEY, Judge.
Plaintiff/appellant brings this appeal from the dismissal with prejudice of his third amended complaint. We affirm in part and reverse in part.
Count one was aimed at the defendant Remala Drug Corporation and alleged a breach of a lease agreement. Since Remala neither moved to dismiss nor filed a responsive pleading, the court erred in dismissing count one.
Count two was directed against defendant/appellee Florida Drug, Inc. Therein, plaintiff alleged the existence of a statu *58 tory landlord’s lien and prayed for its enforcement against the proceeds of a subsequent lien which had been perfected by Florida Drug, Inc. Employing the usual criteria for evaluating a pleading on a motion to dismiss, see Parkway General Hospital, Inc. v. Allstate Insurance Co., 393 So.2d 1171 (Fla. 3rd DCA 1981), we conclude that count two adequately states a cause of action. Those matters now urged upon us by appellee to justify the dismissal constitute affirmative defenses which should be pled and considered at a later stage in the proceedings.
Count three, on the other hand, seeks to establish an equitable lien against certain proceeds obtained by appellee. Since there are no allegations of fraud, misrepresentation or other affirmative deception, the trial court was correct in dismissing this count. See Rinker Materials Corp. v. Palmer First National Bank and Trust Co., 361 So.2d 156 (Fla.1978); Armetta v. Clevetrust Realty Investors, 384 So.2d 55 (Fla. 4th DCA 1980).
Accordingly, the dismissal of counts one and two is reversed; the dismissal of count three is affirmed.
LETTS, C. J., and DOWNEY, J., concur.