WELLS, J.
 

 205 Jacksonville, LLC appeals from a final default judgment claiming the court below erred in denying its motion to set aside the default entered against it. We agree and reverse.
 

 Appellee, A-Affordable Air, LLC brought suit against 205 Jacksonville on August 7, 2008, and served process on it on August 20. When A-Affordable received no timely response, it moved for and on December 15, 2008, obtained a clerk’s default. Two weeks later, Jacksonville moved to vacate the default. A little over a week later, and without first disposing of Jacksonville’s pending motion to vacate the clerk’s default, final default judgment was entered.
 

 Two weeks
 
 after
 
 the final judgment was entered, Jacksonville’s pre-judgment motion to vacate the clerk’s default was denied without prejudice and with leave to amend. That same day, Jacksonville filed an amended motion to vacate. This post-judgment motion was denied on January 30th. Jacksonville appeals from both the final default judgment and the January 30th order denying its motion to vacate.
 

 We agree with Jacksonville that the court below erred in refusing to set aside the final default judgment. A party seeking to set aside a either a clerk’s default or a default judgment must show that: (1) the failure to file a timely responsive pleading or paper was the result of excusable neglect; (2) the defaulting party has a meritorious defense; and, (3) the defaulted party has been reasonably diligent in seeking to vacate the default after it was discovered.
 
 See Emmer v. Brucato,
 
 813 So.2d 264, 265 (Fla. 5th DCA 2002) (citing
 
 Hunt Exterminating Co., Inc. v. Crum,
 
 598 So.2d 113, 114 (Fla. 2d DCA 1992)).
 

 In this case, all three elements were met. A-Affordable concedes that Jacksonville’s counsel’s failure to calendar a response to the complaint constitutes excusable neglect that would justify setting aside either the clerk’s default or the final default judgment.
 
 See Giron v. Fairways of Sunrise Homeowners’ Ass’n,
 
 903 So.2d 1008, 1009 (Fla. 4th DCA 2005) (citing
 
 Al Hendrickson Toyota, Inc. v. Yampolsky,
 
 695 So.2d 948 (Fla. 4th DCA 1997) (“[T]he established case law deems that calendaring errors are regarded as excusable neglect.”)).
 

 A-Affordable also agrees that Jacksonville, which filed its motion to vacate one day after learning of the clerk’s default, acted with due diligence.
 
 See Gables Club Marina, LLC v. Gables Condo. & Club Ass’n,
 
 948 So.2d 21, 24 (Fla. 3d DCA 2006) (“It is well-established that issues of ‘due diligence’ ... in common with all questions relating to the issue of whether defaults and default judgments should stand, must be evaluated in terms of the particular facts of the case under consideration.”) (quoting
 
 Franklin v. Franklin,
 
 573 So.2d 401, 403 (Fla. 3d DCA 1991) (citations omitted));
 
 see also Security Bank, N.A. v. BellSouth Adver. & Pub. Corp.,
 
 679 So.2d 795, 798 n. 1 (Fla. 3d DCA 1996) (observing that the party seeking to set aside default had “[cjlearly ... acted with due diligence, having served its motion two days after the judgment was rendered”).
 

 This leaves only A-Affordable’s argument that Jacksonville’s pre-judgment as
 
 *976
 
 sertion that it was “NOT responsible” for the damages claimed and its post-judgment allegation that another entity was indebted to A-Affordable were insufficient to set aside either the clerk’s default or the default judgment. We disagree with both arguments.
 

 Where a clerk’s default is at issue, a general denial is sufficient to demonstrate a meritorious defense:
 

 Where a default judgment has been entered, mere conclusory assertions or general denials are insufficient without sufficient allegations of supporting ultimate fact.
 
 See Mathews Corp. v. Green’s Pool Serv.,
 
 584 So.2d 1006, 1007 (Fla. 3d DCA 1990). However, in
 
 Moore v. Powell
 
 480 So.2d 137, 138 (Fla. 4th DCA 1985), we held that
 
 a different rule applies to an interlocutory order of default where no final judgment has been entered. In such a case, a general denial will suffice.
 

 Gibson Trust, Inc. v. Office of the Attorney Gen.,
 
 883 So.2d 379, 382-83 (Fla. 4th DCA 2004) (emphasis added);
 
 see N. Shore Hosp., Inc. v. Barber,
 
 143 So.2d 849, 852 (Fla.1962) (confirming that a general denial is sufficient to establish a meritorious defense for the purpose of setting aside an interlocutory order of default). In this case, Jacksonville filed a verified motion to set aside clerk’s default.
 
 [1]
 
 This motion not only detailed the facts constituting excusable neglect and due diligence (which are conceded here) but also unequivocally denied liability for the claims alleged in the complaint. This, we believe, to be equivalent to the motion to vacate default accompanied by an unverified answer generally denying liability which was deemed sufficient in
 
 Allstate Ins. Co. v. Ladner,
 
 740 So.2d 42, 43-44 (Fla. 1st DCA 1999). Thus, we conclude that Jacksonville’s prejudgment general denial of liability in its initial motion to set aside the clerk’s default was legally sufficient to support an order setting aside the clerk’s default.
 
 See Gibson Trust,
 
 883 So.2d at 383.
 

 Jacksonville’s post-judgment motion, which is comprised of its verified prejudgment motion supplemented with an answer and affirmative defenses identifying another entity as being liable for A-Affordable’s claims, also was legally sufficient to support setting aside the default judgment under Rule 1.540(b) of the Rules of Civil Procedure.
 
 Lacore v. Giralda Bake Shop, Inc.,
 
 407 So.2d 275, 276 (Fla. 3d DCA 1981) (stating that “[a] party seeking to set aside a default judgment under Florida Rules of Civil Procedure 1.540(b)(1) must demonstrate that the neglect to respond to the order of default was excusable and that there exists a meritorious defense. The court will also consider whether the movant subsequently demonstrated due diligence in seeking relief.
 
 B.C. Builders Supply Co., Inc. v. Maldonado,
 
 405 So.2d 1345 (Fla. 3d DCA 1981)).”
 
 [2]
 
 Based on A-Affordable’s con
 
 *977
 
 cession regarding excusable neglect and due diligence, and the answer and defenses filed as part of Jacksonville’s post-judgment motion, the motion to vacate default judgment should have been granted.
 

 As we recently confirmed in
 
 Miami-Dads County v. Coral Bay Section C Homeowners Ass’n,
 
 979 So.2d 318, 322 (Fla. 3d DCA 2008), Florida has a longstanding policy in favor of deciding lawsuits on their merits and if there is any reasonable doubt as to whether a default should be vacated, it should be resolved in favor of vacating the default and allowing a trial on the merits.
 
 See Edwards v. Najjar,
 
 748 So.2d 1101, 1103 (Fla. 3d DCA 2000);
 
 see also Makes & Models Magazine, Inc. v. Web Offset Printing Co.,
 
 13 So.3d 178 (Fla. 2d DCA 2009) (confirming that although an order denying a motion to vacate a clerk’s default is reviewed under an abuse of discretion standard, the rule authorizing entry of a clerk’s default for failure to file or serve any paper, should be liberally construed in favor of deciding cases on the merits). That certainly holds true in this case.
 

 Because Jacksonville demonstrated the necessary elements for setting aside the default judgment entered below, the judgment in A-Affordable’s favor is reversed with this matter remanded for a trial on the merits.
 

 Reversed and remanded.
 

 [1]
 

 . This motion was signed by an individual who represented that the statements detailing the facts evidencing excusable neglect and due diligence, and that the representation that Jacksonville was not liable on the claims alleged, “are true and correct based upon personal knowledge.”
 

 [2]
 

 . We reject A-Affordable's argument that the court below could not consider Jacksonville’s pre-judgment motion as supplemented, because the pre-judgment motion, which had already been denied, sought to set aside not only the clerk's default but also the default judgment. It is, of course, the content of a motion not its caption that determines the nature of the motion.
 
 See Golden v. Woodward,
 
 15 So.3d 664 (Fla. 1st DCA 2009) (”[T]he character of a pleading is to be determined by its contents”) (quoting
 
 Moorhead v. Moorhead,
 
 159 Fla. 470, 31 So.2d 867, 868 (1947)). While the caption to Jacksonville's pre-judgment motion does state that it is a motion to set aside default "and/or final
 
 *977
 
 judgment,” the motion itself makes no mention of a judgment and requests only that the clerk’s default be set aside. This is so because no judgment had been entered when this motion was filed. This motion was, therefore, no more than a motion to set aside the clerk’s default and its denial, although coming after judgment was entered, did not constitute denial of a Rule 1.540 motion. There was, therefore, nothing to preclude Jacksonville from using this verified motion, which demonstrated excusable neglect and due diligence, along with its post-judgment supplement confirming the existence of a meritorious defense, as a post-judgment Rule 1.540 motion to set aside a default judgment.