SALTER, J.
 

 Eliana Gonzalez appeals an order denying her verified motion to vacate default and a final judgment of forfeiture of her “Hummer” vehicle. Finding (a) significant irregularities in the Miami-Dade County Police Department’s papers submitted during the proceedings and (b) Ms. Gonzalez’s fulfillment of the three requirements for a motion to vacate a default judgment, we reverse.
 

 Seizure, Complaint, and Default Judgment
 

 In January 2009, the Miami-Dade County police seized Ms. Gonzalez’s vehicle at her home. Athough she was the registered owner, the vehicle was simply towed away at the direction of the police. Ms. Gonzalez was provided a “Vehicle Storage Receipt” with a police case number, PD090121032375, indicating in two places that the reason was “investigation.” The printed receipt form included boxes that could be checked “yes” or “no” next to line that said “FORFEITURE/See back,” but neither box was checked. The back of the form consisted of this legend in English:
 
 [1]
 

 NOTICE OF SEIZURE
 

 NOTICE is hereby given pursuant to Sec. 932.701 et seq., Florida Statutes, that the property referenced on the front of this receipt was seized for forfeiture by the Miami-Dade Policy [sic] Department on the date and at the place stated. The property is being held by the below-listed agency. You are hereby notified that a forfeiture action is pending, and all potential claimants who have a legal interest in the subject property
 
 may
 
 request an adversarial preliminary hearing. The hearing must be requested within 15 days of the date you have received this notice. Pursuant to Sec. 932.703(2)(a), this request must be in writing and sent by certified mail, return receipt requested, within fifteen (15) days of receipt of this notice, or your right to an adversarial preliminary hearing will be waived
 
 and the case will proceed to trial.
 
 When requesting a hearing, please specify the exact property that you are claiming. Address all requests to:
 

 Miami-Dade Police Department
 

 Police Legal Bureau — Forfeiture Section
 

 73 West Flagler Street, Suite 2201
 

 Miami, Florida 33130
 

 (Emphasis added).
 

 It was thus unclear whether the back of the form applied to the seizure of
 
 *845
 
 Ms. Gonzalez’s vehicle. Additionally, and if the back of the form did apply, that language indicates that an owner of property “may” apply for an adversary preliminary hearing but “will” be afforded a trial even if the preliminary hearing is waived.
 
 [2]
 

 Some six weeks after the vehicle was seized, the County filed numerous documents in the circuit court in order to move ahead with the forfeiture claim. In an ex parte motion for a determination of probable cause, the Police Department represented that Ms. Gonzalez had been duly served with a Notice of Seizure at the time of seizure, and that she had not requested an adversarial preliminary hearing. Because the front of the form did not indicate that the vehicle was seized as part of a forfeiture (as opposed to an “investigation”) and the “FORFEITURE/See back” box was not checked, this allegation is dubious.
 

 The County also filed a verified complaint for forfeiture. The verification stated that the seizure had occurred under “Miami-Dade Police Case No. PD080708-330294,” a different case number than the one provided to Ms. Gonzalez on the “vehicle storage receipt.” The complaint alleged that the vehicle was registered to Ms. Gonzalez, but at an address that was not her residence. That address, the County alleged, was the business address of an auto parts business owned by a Mr. Borrego.
 

 According to the complaint, Ms. Gonzalez’s husband, Rene Quinones, obtained the H2 Hummer and a California vehicle title for it from Mr. Borrego. The California title was issued to Allstate Insurance Company. There is no allegation that the vehicle was stolen, that Mr. Borrego did not pay Allstate for the vehicle, or that Ms. Gonzalez knew that such a vehicle would have to be titled under a special “rebuilt vehicle” procedure in Florida. The complaint alleges that Borrego sold the vehicle to Quinones, not to Gonzalez, and that
 
 Borrego
 
 intentionally (a) violated the rebuilt procedure and (b) used his own address for the titled address of the vehicle.
 
 [3]
 

 The complaint was served on Ms. Gonzalez in mid-March of 2009. Six months later, the County sought and obtained an order of default and a final judgment of forfeiture. Within a few days of the order and judgment, Ms. Gonzalez retained an attorney and filed a detailed, verified motion to vacate the default and judgment under Rule 1.540(b) of the Florida Rules of Civil Procedure. The circuit court denied that motion, and this appeal followed.
 

 Analysis
 

 Ms. Gonzalez’s motion to vacate the default included her affidavit, and that of her husband, denying knowledge of, or involvement in, any fraudulent act relating to the title or vehicle. The affidavits asserted that she and her husband paid approximately $35,000 for the 2005 Hummer, and that they were unaware that
 
 *846
 
 Borrego had forged Ms. Gonzalez’s name on a title application. Mr. Quinones’ affidavit also recounted inquiries of the circuit court clerk’s representatives and the Police Department, with advice to “wait until the conclusion of the lawsuit” to recover the vehicle. Ms. Gonzalez’s motion to vacate was also accompanied by a proposed answer, affirmative defenses, and counterclaim denying many of the pertinent allegations in the County’s forfeiture complaint and raising affirmative defenses based on (among other matters) the lack of proper notice regarding the preliminary hearing, Ms. Gonzalez’s status as an innocent and bona fide purchaser, and the lack of connection between Borrego’s allegedly wrongful acts and Ms. Gonzalez’s possession of the vehicle.
 

 This Court regularly affirms, or reverses and remands to require, trial court orders vacating defaults when the movant establishes excusable neglect, a meritorious defense, and reasonable diligence once the default is discovered.
 
 See 205 Jacksonville, LLC v. A-Affordable Air, LLC,
 
 16 So.3d 974 (Fla. 3d DCA 2009), and the cases cited in that opinion. Simply stated, “Florida has a long-standing policy in favor of deciding lawsuits on their merits.”
 
 Edwards v. Najjar,
 
 748 So.2d 1101, 1103 (Fla. 3d DCA 2000). The County did not, because it cannot, show any prejudice that will be suffered when the default is set aside.
 

 The seizure of personal property without compensation is an act that implicates state and federal constitutional protection. In this case, the County’s cryptic “vehicle storage receipt” and the erroneous police case number in the verification attached to the complaint are a sufficient threshold basis for questioning the proposed forfeiture. While Ms. Gonzalez would have been well advised to consult an attorney at an earlier point, she ultimately satisfied all three requirements for an order setting aside the default and judgment.
 

 Reversed and remanded for further proceedings consistent with this opinion.
 

 [1]
 

 . Ms. Gonzalez’s later affidavit stated that Spanish is her native language and that she does not speak or read English.
 

 [2]
 

 . The adversary preliminary hearing is a part of the first or "seizure” stage of a civil forfeiture proceeding. At that stage, "the seizing agency is required to establish only that there is probable cause to believe that the property was being employed or likely to be employed in criminal activity — establishing the owner’s actual or constructive knowledge is not required until the forfeiture stage.”
 
 Gomez v. Vill. of Pinecrest,
 
 41 So.3d 180, 181 (Fla. 2010).
 

 [3]
 

 . The County’s complaint stated that "Borre-go, with Quinones' knowledge, made numerous false statements in the application for title.” No such allegation was made regarding Gonzalez. Borrego was separately charged with title fraud, according to the complaint, but not Quinones or Gonzalez.