PER CURIAM.
Appellants appeal the trial court’s order dismissing their case with prejudice. We hold that the dismissal order entered after a status conference was improper, and we reverse.
Appellants filed a claim for benefits with appellee after their insurer was declared insolvent. When several months passed without payment, appellants sued appellee, claiming breach of the insurance contract. Appellee responded by filing a motion to compel appraisal; the trial court granted the motion and the parties appraised the loss. Through the appraisal process, appellants were awarded $47,616.79. Appel-lee issued a check for the full amount and filed a notice that it could assert “no coverage defenses.”
Thereafter, the trial court held a status conference to consider appellants’ motion to add claims for additional living expenses and to adjudicate their claims for attorney’s fees. The trial court held that appellants had not alleged an entitlement to attorney’s fees, and the court dismissed the case “based upon the parties having been directed to appraisal, the appraisal having been completed and the award having been made.”
We conclude that the trial court erred in dismissing the case with preju *488 dice. The hearing at which the case was dismissed was noticed as a status conference, and without proper notice, the entry of an order of dismissal results in a denial of due process. See, e.g., Liton Lighting v. Platinum Television Grp., Inc., 2 So.3d 366, 367 (Fla. 4th DCA 2008) (“When a trial judge sua sponte dismisses a cause of action on grounds ‘not pleaded,’ the trial judge denies the parties due process because the claim is being dismissed without ‘notice and an opportunity for the parties and counsel to be heard.’ ”) (citation omitted). Dismissal should be predicated on a properly filed and noticed motion to dismiss or other dispositive motion to protect the parties’ rights to due process. See Hagen v. Fla. Drug, Inc., 402 So.2d 57, 57 (Fla. 4th DCA 1981). While appellee had filed a motion for summary judgment, the motion was insufficient under Rule 1.510(c) and (e), as the motion was filed less than twenty days prior to the hearing and the documentary evidence submitted in support of the motion was not authenticated. See Servedio v. U.S. Bank Nat’l Ass’n, 46 So.3d 1105, 1108 (Fla. 4th DCA 2010). Because appellants had no notice that the claim might be dismissed at the hearing, the trial court’s order was improperly entered.
Accordingly, we reverse the order of dismissal and remand for further proceedings consistent with this opinion. Because we find the dismissal order to be disposi-tive of this appeal, we do not consider the merits of appellants’ claims for trial attorney’s fees.

Reversed and remanded.

MAY, DAMOORGIAN and LEVINE, JJ., concur.