[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 17, 2012
JOHN LEY
CLERK

No. 10-15405
_____

D. C. Docket No. 1:10-cv-21654-JLK

VIRENDRA RAJPUT,
a.k.a. Vedant Rajput,
MANSINGH RAJPUT,

Plaintiffs-Appellants,

versus

CITY TRADING, LLC,
a Florida company,
CHAND REALTY, LLC,
a Florida company, et al.

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 17, 2012)

Before EDMONDSON, BARKETT, and SUHRHEINRICH,* Circuit Judges.

_____

*Honorable Richard F. Suhrheinrich, United States Circuit Judge for the Sixth Circuit
sitting by designation.

PER CURIAM:

This case involves an alleged investment fraud committed in India. Racketeer Influenced and Corrupt Organizations Act ("RICO") claims and an unjust enrichment claim against a U.S.-based affiliate of the alleged fraudsters are involved.

Plaintiffs invested in Indian businesses promising extraordinarily high rates of return. But in the end, Plaintiffs were left with less money than they had originally invested. Plaintiffs then filed this suit against the U.S.-based affiliate of the Indian companies. Plaintiffs alleged that the affiliate U.S. business committed RICO violations as part of a scheme to launder funds obtained through the supposed Indian fraud. The district court granted Defendants' motion to dismiss. We vacate the District Court's decision and remand the case.

BACKGROUND

Plaintiffs Virendra Rajput -- a/k/a Vedant Rajput -- and Mansingh Rajput each invested significant sums of money with certain companies within an

interrelated network of firms -- mainly based in India and closely connected to the Masood family -- called City Group. This investment required a large up-front investment with the promise of significant investment appreciation accomplished through monthly payments back to shareholders over the course of several years. Within only a few years though, the payments to investors faltered; and neither Rajput received even their initial investment back. Plaintiffs contend that the Masood family kept the invested funds for themselves, that they never intended to pay out the promised returns, and that the entire scheme was a fraud.

Plaintiffs do not allege that Defendants in this case were involved in the investment phase of the alleged fraud. Instead, Plaintiffs contend the Defendants committed RICO violations as part of a scheme to launder the funds obtained in the alleged fraud. Broadly speaking, Plaintiffs allege that Defendant Chand Masood moved to Florida to found Chand Realty LLC and to establish City Trading, LLC ("City Trading") as the U.S.-based arm of City Group. Plaintiffs allege these U.S. companies had no legitimate customers and instead engaged in sham dealings involving rugs, diamonds, and real estate to launder money that City Group obtained through its fraud in India.

To support their claims, Plaintiffs spent much of their complaint explaining a system of money laundering that involved fake purchases of diamonds by City

3

Group in India, the funneling of cash obtained through the alleged investment fraud to "hawala person" intermediaries, and the use of this cash by the hawala intermediaries to make fake purchases of the non-existent diamonds from different City Group companies. Plaintiffs allege that City Trading participated in these sham transactions and that, in doing so, aided in laundering the fraudulently obtained investment money in furtherance of the Indian fraud.

Beyond explaining City Trading's role, Plaintiffs also offered specifics to connect City Trading to the alleged diamond transactions and the Indian fraud. Plaintiffs claim to have interviewed certain diamond dealers who admitted to faking diamond transactions with City Group. Plaintiffs also attached allegedly fake diamond invoices from one of the Indian City Group companies, a spreadsheet allegedly obtained from City Group that listed City Trading in the "Remitting info" column for diamond purchases, and bank correspondence that raised concerns with the remittance arrangement for certain diamond transactions involving City Trading. In addition to these specifics relating to diamond transactions, Plaintiffs also included documentation showing financing transactions that occurred between City Trading and certain Indian City Group companies before the Plaintiffs' investments.

While Plaintiffs' pleadings showed potential connections between City Trading, diamond transactions with City Group in India, and potential money laundering, no fact alleged established directly an irrefutable connection between City Trading and the Indian investment fraud. Based on what the district court saw as absence of a connection between City Trading and the Indian fraud, the district court concluded that the RICO claims and unjust enrichment claim failed and that Defendants' motion for dismissal must be granted.

STANDARD OF REVIEW

We review a district court's dismissal of a case pursuant to Federal Rule of Civil Procedure 12(b)(6) de novo. Catron v. City of St. Petersburg, 658 F.3d 1260, 1264 (11th Cir. 2011).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007)). To state a plausible claim for relief, Plaintiffs must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and so must

offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

DISCUSSION

Plaintiffs' complaint asserts claims under three sections of RICO -- substantive violations of 18 U.S.C. §§ 1962(a) and 1962(c) and a conspiracy claim under 18 U.S.C. § 1962(d) -- as well as an unjust enrichment claim. Section 1962(a) prohibits the use or investment of funds derived "from a pattern of racketeering activity," and section 1962(c) prohibits persons employed by an enterprise from conducting the enterprise's business "through a pattern of racketeering activity." Section 1962(d) makes it unlawful to conspire to violate the other provisions of section 1962.

RICO CLAIMS

To prove a pattern of racketeering in a civil RICO case, a plaintiff must show at least two related racketeering predicates that amount to continued criminal activity over time or pose a threat of continued criminal activity. Am. Dental

6

Ass'n. v. Cigna Corp., 605 F.3d 1283, 1290-91 (11th Cir. 2010). To establish a RICO conspiracy, a plaintiff must show either agreement with the objective of the conspiracy or agreement to commit two racketeering predicates. Direct evidence of agreement is not necessary as "the existence of conspiracy may be inferred from the conduct of the participants." Id. at 1293 (internal quotation omitted).

Plaintiffs pleaded multiple racketeering predicates, including (1) money laundering in violation of 18 U.S.C. § 1956; (2) transportation of money obtained by conversion or fraud in violation of 18 U.S.C. § 2314; (3) sale or receipt of money obtained by conversion or fraud in violation of 18 U.S.C. § 2315; (4) engaging in monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957. The underlying fraud for purposes of these acts was the alleged Indian investment fraud committed by certain City Group companies. The specifics presented with Plaintiffs' pleadings sufficiently connect Defendants to the alleged Indian fraud to qualify as factual content that allows the district court to draw the reasonable inference that Defendants committed the alleged RICO violations and engaged in a RICO conspiracy.

UNJUST ENRICHMENT CLAIM

7

To state a claim for unjust enrichment, a plaintiff must sufficiently plead (1) that the plaintiff conferred a benefit on the defendant; (2) that the defendant had knowledge of the benefit; (3) that the defendant accepted or retained the benefit conferred; and (4) that the circumstances are such that allowing the defendant to retain the conferred benefit without paying fair value would be inequitable. Golden v. Woodward, 15 So. 3d 664, 670 (Fla. Dist. Ct. App. 2009). The specifics presented with Plaintiffs' pleadings connect the Defendants to the alleged Indian fraud enough to support a claim of unjust enrichment based on Defendants' control of funds illicitly gained through the fraud and prevent dismissal of the claim.

Plaintiffs' pleadings include sufficient factual content to allow the drawing of a reasonable inference that the defendants are liable for the misconduct alleged and to state properly a claim to relief that is plausible on its face. We therefore VACATE the district court's dismissal and REMAND for further proceedings.

VACATED and REMANDED.