# Third District Court of Appeal

## State of Florida

Opinion filed December 3, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0080
Lower Tribunal No. 21-25004-CA-01
_____

**Fernando Colmenares,**
Appellant,

vs.

**Pablo Dario Castillo,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ariana Fajardo Orshan, Judge.

Fernando Colmenares, in proper person.

Bushell Law, P.A., and Daniel A. Bushell (Fort Lauderdale); Cardozo Law Firm, PLLC, and Lizet Cardozo (Miramar), for appellee.

Before SCALES, C.J., and LINDSEY and GOODEN, JJ.

PER CURIAM.

Appellant Fernando Colmenares, *pro se*, appeals a December 16, 2024 final default judgment and the trial court's January 28, 2025 order denying Appellant's motion seeking, among other things, to vacate the default judgment a sixth time. As it was in Appellant's numerous motions filed below, Appellant's principal argument on appeal is that the default should not have been entered against him because Appellee Pablo Dario Castillo did not personally serve Appellant with the first amended complaint.[1]

Once a defendant is personally served with a complaint pursuant to Florida Rule of Civil Procedure 1.070 (whether in person or by substitute service, as occurred here), the service of future documents – including an amended complaint – is accomplished by the procedures set forth in Florida Rule of General Practice and Judicial Administration 2.516(a) and (b). The record reflects that Appellant was served with the initial complaint on February 7, 2022. Appellant did not respond to the complaint as required by Florida Rule of Civil Procedure 1.140(a)(1). The certificate of service on Appellant's first amended complaint reflects that it was properly served on Appellant via the court's e-filing portal system, as authorized in the

---

[1] We note that, below and again on appeal, Appellant has not asserted the grounds required for vacating a default judgment: excusable neglect, meritorious defense, and due diligence. See 205 Jacksonville, LLC v. A-Affordable Air, LLC, 16 So. 3d 974, 975 (Fla. 3d DCA 2009).

aforementioned rule 2.516. "The certificate of service is prima facie proof that service was effectuated on the date sworn to by counsel." <u>Nesslein v. Nesslein</u>, 672 So. 2d 582, 583 (Fla. 3d DCA 1996).

We neither find an abuse of discretion in the trial court's denial of Colmenares's motion to vacate the default order nor in the trial court's entry of default final judgment.

Affirmed.