PER CURIAM.
Eric Ellisen (“former husband”) appeals from a “Final Judgment on Former Husband’s Supplemental Petition for Modification of Alimony and Former Wife’s Motion for Civil Contempt/Enforcement.” He only appeals the denial of his modification petition. The former husband correctly argues that the trial court erred by narrowly construing his modification petition as a request to terminate alimony, thus rejecting his request for modification. Both his modification peti *1271 tion and the pretrial stipulation put the former wife and the court on notice that the former husband was seeking modification or termination.[1] Additionally, the former husband argues, and the former wife correctly concedes, that the trial court evaluated the evidence using an incorrect burden of proof.[2]
Accordingly, we reverse that portion of the trial court’s order denying the former husband’s petition to modify or terminate alimony, and remand with directions that the trial court reconsider the issue applying the correct burden of proof:
REVERSED and REMANDED.
PALMER, LAWSON and WALLIS, JJ., concur.

. Although the petition unambiguously requested modification or termination of alimony, the prayer for relief at the end of the petition only referenced termination of alimony. The trial court erroneously concluded that failure to include the modification request in the prayer for relief should control over those portions of the petition requesting modification. "[Generally, courts of equity have the fullest liberty in molding decrees to the necessity of the occasion, regardless of the prayer.” Golden v. Woodward, 15 So.3d 664, 668 (Fla. 1st DCA 2009) (quoting Singer v. Tobin, 201 So.2d 799, 800-01 (Fla. 3d DCA 1967)); see also § 61.14, Fla. Stat. (2012) (giving former spouses authority to seek, and court authority to grant “order decreasing or increasing the amount of ... alimony ... as equity requires”). “Every complaint shall be considered to demand general relief.” Golden, 15 So.3d at 668 (quoting Fla. R. Civ. P. 1.110(b). “Thus, the court must Took to the facts alleged, the issues and proof, and not the form of the prayer for relief to determine the nature of the relief which should be granted.' " Id. (quoting Circle Fin. Co. v. Peacock, 399 So.2d 81, 84 (Fla. 1st DCA 1981)).

. The court noted that because alimony was determined by agreement, the former husband had a heavier than usual burden of proof, citing to Overbey v. Overbey, 698 So.2d 811 (Fla. 1997). That rule was changed by statute in chapter 93-208, section 3, Laws of Florida. Since then, section 61.14, Florida Statutes has stated, “When modification of an existing order of support is sought, the proof required to modify a settlement agreement and the proof required to modify an award established by court order shall be the same.” § 61.14(7), Fla. Stat. (2012); but see Knight v. Knight, 702 So.2d 242, 243 (Fla. 4th DCA 1997) (reasoning that the rule in Overbey still applies because the Florida Supreme Court in that case must have been aware of the prior statutory change).