IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

KRISTOPHER DARWIN
ROBINSON, FORMER
HUSBAND,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

      Appellant/Cross-Appellee,

CASE NO. 1D16-1490

v.

SABRINA KAY ROBINSON,
FORMER WIFE,

      Appellee/Cross-Appellant.

_____/

Opinion filed May 5, 2017.

An appeal from the Circuit Court for Clay County.
Michael S. Sharrit, Judge.

F. Susannah Collins of Robinson Collins, P.L., Jacksonville, for Appellant/Cross-Appellee.

J. Stephen Alexander, St. Augustine, for Appellee/Cross-Appellant.

PER CURIAM.

      Kristopher and Sabrina Robinson ended their marriage in 2014. The consent final judgment of dissolution established a parenting plan, provided for certain cost sharing, and required Kristopher Robinson to pay alimony and child support. Sometime later, Kristopher Robinson changed jobs and suffered a resulting decrease

in income. He then moved for a modification, seeking to eliminate the alimony and reduce his child-support obligations.

The trial court denied the request to eliminate alimony, but it did order reduced child support. Kristopher Robinson appeals, contending (among other things) that the trial court should have eliminated alimony and should have reduced the child support even more. Sabrina Robinson cross appeals, contending (among other things) that the trial court should not have reduced the child support at all.

After a careful review of the record, we conclude the trial court abused its discretion in altering the agreed child-support obligation. *See Bish v. Bish*, 404 So. 2d 840, 840-41 (Fla. 1st DCA 1981) (explaining that "[a] fundamental prerequisite to modification based upon change of circumstances is a showing that the change is sufficient, material, involuntary and permanent in nature" and noting that "heavier burden rested upon" the movant seeking a reduction when parties agreed upon original arrangement); *see also Overbey v. Overbey*, 698 So. 2d 811, 813-14 (Fla. 1997). This conclusion moots Kristopher Robinson's argument that the amount of reduction was insufficient. We also conclude that the trial court erred by requiring child-support payments to be made through the State Disbursement Unit—relief that neither party requested and that was contrary to the consent final judgment.

We have considered and rejected the parties' remaining assertions of error.

AFFIRMED in part and REVERSED in part.

MAKAR, KELSEY, and WINSOR, JJ., CONCUR.