# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D17-336

———————————————

KRISTOPHER DARWIN ROBINSON,

   Appellant,

   v.

SABRINA K. ROBINSON,

   Appellee.

———————————————

On appeal from the Circuit Court for Duval County.
Robert M. Dees, Judge.

March 15, 2018

ON MOTION FOR REHEARING, CLARIFICATION,
AND REHEARING *EN BANC*

Appellant's motion for rehearing, clarification, and rehearing *en banc* is denied, but the opinion issued on January 3, 2018, is withdrawn and the following opinion is substituted in its place:

PER CURIAM.

Appellant, the former husband, seeks review of the order dismissing the suit he filed against Appellee, the former wife, to set aside the mediated settlement and consent final judgment in the parties' divorce proceeding and to recover monetary damages from the former wife for civil theft. We reverse for the reasons that follow.

The former wife allegedly obtained photos of the former husband and his mistress that were "of a private nature" and then used the photos as leverage in the parties' divorce proceeding to coerce the former husband to enter into a mediated settlement that was favorable to her. The terms of the settlement were incorporated into a consent final judgment that was entered by the circuit court in Clay County in January 2014.

More than 2½ years later, after several unsuccessful attempts to modify the consent final judgment,[1] the former husband filed a three-count complaint against the former wife in the circuit court in Duval County based on her "strong-arm and extortionate tactics" in the divorce proceeding. Count I sought to rescind the settlement "due to coercion and duress"; count II sought to set aside the consent final judgment "due to fraud on the court"; and count III sought damages under the civil theft statute[2] stemming primarily from the former wife's having wrongfully obtained and used the photos of the former husband and his mistress to negotiate the favorable-to-her financial settlement of the parties' divorce case.

The former wife filed a motion to dismiss for improper venue or, alternatively, to transfer the case to Clay County where proceedings to modify the consent final judgment were ongoing. The former husband responded that venue was proper in Duval County because both parties now reside there, and he argued that the case should not be transferred to Clay County because, under *Gordon v. Gordon*, 625 So. 2d 59 (Fla. 4th DCA 1993), an independent action was required to set aside the consent final

---

[1] *See Robinson v. Robinson*, 219 So. 3d 933 (Fla. 1st DCA 2017) (affirming post-dissolution order insofar as it denied former husband's motion to eliminate his alimony obligation, but reversing order insofar as it reduced his child support obligation); *Robinson v. Robinson*, 169 So. 3d 1168 (Fla. 1st DCA 2015) (*per curiam* affirmance of post-dissolution order denying former husband's supplemental petition to modify parenting plan).

[2] *See* § 772.11, Fla. Stat.

judgment for fraud upon the court because it had been more than a year since the judgment was entered.

The trial court granted the motion to dismiss, reasoning that "it is apparent that the same issues raised in this case are also being litigated in [the Clay County case]." The court reiterated this point in the order denying the former husband's motion for rehearing, explaining that "the issues raised in [the former husband]'s complaint in this case are and should be litigated in the Clay County case." The court thereafter entered a final order dismissing this case with prejudice.

This appeal followed.

Based on our de novo review,[3] we agree with the former husband that the trial court should not have dismissed the case with prejudice based on the venue motion filed by the former wife. Venue was proper in Duval County because both parties reside there, *see* § 47.011, Fla. Stat., and transfer—not dismissal—is the proper remedy where the trial court determines that there is a more convenient forum, *see* § 47.122, Fla. Stat. Moreover, abatement—not dismissal—would have been the proper remedy if the trial court was correct in concluding that the issues raised in this case were the same as those being litigated in the earlier-filed Clay County case. *See Dhondy v. Schimpeler*, 528 So. 2d 403 (Fla. 3d DCA 1988).

Although the trial court's legal reasoning was incorrect, our original opinion[4] nevertheless affirmed the dismissal order under the "tipsy coachman" doctrine. *See Dade County School Board v. Radio Station WQBA*, 731 So. 2d 638, 644 (Fla. 1999) ("[I]f a trial court reaches the right result, but for the wrong reasons, it will be

---

[3]   *See City of Gainesville v. Dep't of Transp.*, 778 So. 2d 519, 522 (Fla. 1st DCA 2001) ("Whether a complaint should be dismissed is a question of law. On appeal of a judgment granting a motion to dismiss, the standard of review is de novo.").

[4]   *Robinson v. Robinson*, 43 Fla. L. Weekly D102, 2018 WL 283692 (Fla. 1st DCA Jan. 3, 2018).

upheld if there is any basis which would support the judgment in the record."). We now conclude, however, that the potential grounds for dismissal discussed in our original opinion should be addressed by the trial court in the first instance if raised by a proper motion.

Accordingly, the dismissal order is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.

REVERSED and REMANDED.

LEWIS and WINSOR, JJ., concur. WETHERELL, J., concurs with opinion.

_____

WETHERELL, J., concurring.

I join the revised opinion because, unfortunately, the "tipsy coachman" doctrine cannot be stretched far enough to affirm the dismissal of the former husband's suit in its entirety. However, because the suit—which comes on the heels of the former husband's two prior unsuccessful attempts to obtain relief from his obligations under the *consent* final judgment—appears to be nothing more than an untimely and meritless[1] case of "buyer's

_____

[1] The count seeking to set aside the consent final judgment based on fraud (count II) appears to be time-barred because it alleges *intrinsic* fraud that had to be raised within one year after the judgment was entered. *See Cerniglia v. Cerniglia*, 679 So. 2d 1160, 1163 (Fla. 1996) (holding that "allegations of coercion and duress . . . constitute intrinsic fraud and [a]re thus subject to the one-year limitation for seeking relief from the final judgment"); *Champion v. McDaniel*, 740 So. 2d 17, 19 (Fla. 1st DCA 1999) (reversing order setting aside marital settlement agreement based on motion for relief from judgment that was filed more than a year after entry of the judgment incorporating the agreement because the claims raised in the motion—which included a claim that the wife "pressured [the husband] into signing the agreement after

4

remorse," the trial court should consider imposing sanctions on the former husband under section 57.105, Florida Statutes, if and when the suit is dismissed on remand.

---

Kristopher D. Robinson of Robinson Collins P.L., Jacksonville, for Appellant.

---

confronting him with his admitted adultery"—did not amount to fraud on the court but rather merely showed that the wife "was in a superior bargaining position to [the husband]"). If the fraud count is dismissed and the consent final judgment remains in effect, it does not appear that the former husband will be able to obtain any meaningful relief by setting aside the mediation agreement (count II) because the agreement was incorporated into—and its terms are now part of—the judgment. The civil theft count (count III) appears to be negated in all respects except one by the mutual release of "any claims, damages or causes of action" contained in the consent final judgment attached to the complaint. *See Striton Properties, Inc. v. City of Jacksonville Beach*, 533 So. 2d 1174, 1179 (Fla. 1st DCA 1988) ("Under Florida law, if an attached document negates a pleader's cause of action, the plain language of the document will control and may be the basis for a motion to dismiss."). The only aspect of the civil theft count that does not appear to be covered by the release is the claim that the former wife used the former husband's credit card without his authorization *after* the consent final judgment was entered (*see* Complaint at ¶ 46), but if that claim had merit it presumably would have been raised through a motion for contempt in one of the prior post-dissolution proceedings since the unauthorized use of the credit card was alleged to be "in direct violation of paragraph 11 of the [consent final judgment]."

J. Stephen Alexander of Alexander Law Firm, LLC, St. Augustine, for Appellee.