NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


DANIEL INMAN,                          )
                                       )
          Appellant,                   )
                                       )
v.                                     )     Case No.  2D18-482
                                       )
CATHERINE INMAN,                       )
                                       )
          Appellee.                    )
                                       )
_____)

Opinion filed December 28, 2018.

Appeal from the Circuit Court for Pasco
County; Lauralee G. Westine, Judge.

Jeremy T. Simons and Erin C. Catey of
Simons & Catey, P.A., New Port Richey,
for Appellant.

Steven D. Miller, Plantation, for Appellee.


SILBERMAN, Judge.

          Daniel Inman, the Former Husband, seeks review of the order denying his

supplemental petition for termination or modification of spousal support as provided in a

stipulated divorce decree.  The Former Husband sought termination under section

61.08(8), Florida Statutes (2016), based on the remarriage of Catherine Inman, the

Former Wife.  He alternatively sought modification under section 61.14(1)(a), Florida

Statutes (2016), based on the changed circumstances of the parties' financial positions. We conclude that the trial court properly determined that the language of the stipulated divorce decree precludes termination under section 61.08(8). However, it appears that the court imposed a heavier burden than that required by law in denying the request for modification under section 61.14(1)(a). Accordingly, we affirm in part and reverse in part.

The stipulated divorce decree provides for alimony as follows:

> 4. That as and for spousal support, Defendant shall pay to Plaintiff in the form of Military Allotment, the sum certain Eight Hundred Dollars ($800) per month. <u>Said payments shall commence immediately and continue in effect each month thereafter for the remainder of Plaintiff's life</u>. Said sum is fair and equitable, since the parties previously were married from about July 16, 1988, through July 19, 2007, when they divorced in Nye County, Case Number CV25328. The parties then remarried on about December 1, 2011. Furthermore, this spousal support order shall replace and make null and void the July 19, 2007, spousal support order, which required Defendant to pay Plaintiff $1600 per month.

(Emphasis added.) The Former Husband sought termination of his alimony obligation based on section 61.08(8), which provides in pertinent part, "An award of permanent alimony terminates upon the death of either party or upon the remarriage of the party receiving alimony." The trial court concluded that the language of the stipulated divorce decree precluded termination under section 61.08(8).

If a marital settlement agreement provides for the continuing payment of alimony despite the remarriage of the recipient, then its terms will control over those in section 61.08(8). <u>Herbst v. Herbst</u>, 153 So. 3d 290, 292 (Fla. 2d DCA 2014). In <u>Herbst</u>, this court construed a provision in a settlement agreement that provided for alimony payments "beginning the date of the final judgment and continuing for the life of the

Petitioner." Id. at 291. This court determined that the provision "unambiguously addresses the circumstances under which alimony may be terminated . . . by requiring that payments continue in a specified amount until the Former Wife dies." Id. at 292. We find the facts of this case materially indistinguishable from those in Herbst and affirm the denial of the Former Husband's request for termination under section 61.08(8).

The Former Husband alternatively sought modification under section 61.14(1)(a), based on the changed circumstances of the parties' financial positions. Section 61.14(1)(a) provides for the modification of alimony when the parties enter into support agreements "and the circumstances or the financial ability of either party changes."[1] Under section 61.14(1)(a), the party seeking relief must establish (1) a substantial change in circumstances, (2) that was not contemplated at the time the final judgment was rendered, and (3) that is permanent, material, sufficient, and involuntary. Dogoda v. Dogoda, 233 So. 3d 484, 486 (Fla. 2d DCA 2017). The proof required is the same regardless of whether the award was established by court order or settlement agreement.[2] § 61.14(7); Dogoda, 233 So. 3d at 486.

_____

[1]While this provision may be waived in a support agreement, the stipulated divorce decree does not contain such a waiver. See Rosenthal v. Rosenthal, 199 So. 3d 541, 542-43 (Fla. 1st DCA 2016).

[2]The Former Wife concedes that the Former Husband does not bear a heavier burden of proof on this issue as expressly stated in section 61.14(7). We recognize that some courts, including ours, have issued decisions employing a heavier burden of proof subsequent to the 1993 enactment of section 61.14(7). See, e.g., Morrison v. Morrison, 60 So. 3d 410, 413 (Fla. 2d DCA 2011); Simpson v. Simpson, 68 So. 3d 958, 962 (Fla. 4th DCA 2011); Pollock v. Pollock, 722 So. 2d 283, 285 (Fla. 5th DCA 1998). However, as our sister courts have recognized, we are bound by the language of section 61.14(7). See Ellisen v. Ellisen, 150 So. 3d 1270, 1271 n.2 (Fla. 5th DCA 2014); Garvey v. Garvey, 138 So. 3d 1115, 1120 (Fla. 4th DCA 2014).

The trial court determined that the Former Husband established that his current employment situation constituted a substantial change in circumstances that was not contemplated at the time of the divorce decree. However, the court found that the Former Husband did not establish that his employment situation was permanent or involuntary. In considering the Former Wife's alleged increased financial ability due to her remarriage, the court reasoned: "However, because Former Husband's alimony obligation was set by a voluntary agreement of the parties, the Former Husband's burden is exceptionally heavy. This Court heard no evidence that the $800.00 spousal support obligation was established based on Former Wife's need and that Former Wife's remarriage reduced said need." (Emphasis added) (footnote omitted). Thus, the court denied relief.

These findings reflect that the trial court imposed a heavier burden of proof on the Former Husband because the alimony provision was set forth in a stipulated divorce decree. Although the court may have still denied the Former Husband's request for modification had it applied the proper standard of proof, we cannot be certain. For this reason, we reverse and remand for reconsideration of the Former Husband's request for modification under section 61.14(1)(a) using the proper burden of proof.

Affirmed in part, reversed in part, and remanded.


VILLANTI and ROTHSTEIN-YOUAKIM, JJ., Concur.