# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-5131

_____

GARY LEE KNOWLTON, Former
Husband,

     Appellant,

     v.

MARJA-LEENA KNOWLTON,
Former Wife,

     Appellee.

_____

On appeal from the Circuit Court for Duval County.
Lance M. Day, Judge.

October 1, 2019

PER CURIAM.

Gary Lee Knowlton, Former Husband, appeals the denial of his petition to reduce or terminate his alimony and child support obligations. He raises multiple issues on appeal. We affirm all issues and write only to address his argument regarding the burden of proof required to show that a support obligation established by a marital settlement agreement should be modified.

The parties were married for over twenty years and had one child. Former Wife, Marja-Leena Knowlton, filed for divorce. The parties entered a marital settlement agreement, with the Former Husband agreeing to pay $3,000 per month in alimony and $1,028

per month in child support. A final judgment was entered adopting the terms of the marital settlement agreement.

But later, Former Husband moved to modify the final judgment in order to reduce or terminate his support obligations. He asserted that he was 63 years old and had been unemployed for several years. He claimed that his personal assets were depleted and he had accumulated debt to satisfy his support obligations. He argued that Former Wife's financial circumstances had improved substantially. He argued that the changes in the parties' financial circumstances were not contemplated at the time of dissolution and that the changes were sufficient, material, involuntary, and permanent.

The court denied the petition, finding that Former Husband failed to meet his heavy burden to show that the obligations he agreed to in the marital settlement agreement should be modified. Former Husband moved for rehearing, and the motion was denied. This timely appeal follows.

On appeal, Former Husband argues for the first time that the trial court assigned an incorrect burden of proof for him to show that his support obligations should be modified. Because the support obligations were established by a marital settlement agreement, the trial court assigned a heavier burden of proof than it would have done had the support obligations been established by court order. Former Husband acknowledges decisions from this Court approving the assignment of the heavier burden of proof when a party seeks to modify a support obligation established by a marital settlement agreement. *See, e.g., Tisdale v. Tisdale*, 264 So. 3d 1105, 1109 (Fla. 1st DCA 2019); *Robinson v. Robinson*, 219 So. 3d 933, 934 (Fla. 1st DCA 2017); *Wood v. Wood*, 162 So. 3d 133, 135 (Fla. 1st DCA 2014); *Bish v. Bish*, 404 So. 2d 840, 840 (Fla. 1st DCA 1981). But Former Husband urges the Court to recede from those decisions, pointing to the plain language of section 61.14(7), Florida Statutes (2017). Before 1993, section 61.14, Florida Statutes, was silent on the burden of proof. But in 1993, the Legislature amended the statute, and it now provides:

> When modification of an existing order of support is
> sought, the proof required to modify a settlement

2

agreement and the proof required to modify an award established by court order shall be the same.

§ 61.14(7), Fla. Stat. (2017).

Neither this Court nor the Florida Supreme Court has examined the effect of the 1993 amendment to the statute. But the Second, Fourth, and Fifth District Courts of Appeal have recognized the change in the law and have receded from their precedents that approve the imposition of a heavier burden of proof on a party seeking to modify a support obligation established by a marital settlement agreement. *See Inman v. Inman*, 260 So. 3d 555, 557 n.2 (Fla. 2d DCA 2018) (observing that it had issued decisions approving the heavier burden of proof after the 1993 enactment of section 61.14(7), but recognizing that it was bound to follow the language of 61.14(7)); *Ellisen v. Ellisen*, 150 So. 3d 1270, 1271 n.2 (Fla. 5th DCA 2014) (recognizing that the Legislature rejected the imposition of a heavier burden of proof by enacting section 61.14(7) in 1993); *Garvey v. Garvey*, 138 So. 3d 1115, 1120 (Fla. 4th DCA 2014) (acknowledging that the statute was amended in 1993 to provide that the proof required in modification proceedings involving alimony set by agreement versus alimony set by the court is the same).

Former Husband makes a compelling argument for this Court to follow the Second, Fourth and Fifth Districts and revisit our precedents. Even so, we must leave for another day the question of what burden of proof a party must bear when seeking to modify support obligations established by a marital settlement agreement. This is because Former Husband never argued in the lower court that he should not bear a heavier burden of proof. Instead, he acquiesced to the application of a heavier burden of proof, asserting in his motion for rehearing, "The heavier burden of proof that applies to the modification of support agreements requires the moving party to prove the changes were not contemplated by the parties when they executed the agreement, as shown not only be the terms of the agreement but also by the surrounding circumstances." Because he never raised the issue before the trial court and agreed he bore the heavier burden of proof, Former Husband did not preserve the issue for appellate review. *Credit Counseling Found., Inc. v. Hylkema*, 958 So. 2d

3

1059, 1061 (Fla. 4th DCA 2007) (holding that when a party fails to object to the trial court's assignment of the burden of proof and when the party willingly acquiesces to the court's imposition of the burden of proof, the party cannot argue for the first time on appeal that the trial court improperly assigned the burden of proof).

AFFIRMED.

WOLF, ROBERTS, and ROWE, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Brian P. North, Fort Walton Beach, for Appellant.

Michael J. Korn of Korn & Zehmer, P.A., Jacksonville; and A. Russell Smith of The Law Offices of A. Russell Smith, P.A., Jacksonville, for Appellee.